UNITED STATES of America, Appellee,

v.

Luis Martin HARO–PORTILLO, Appellant.

No. 75–3449.

United States Court of Appeals, Ninth Circuit.

March 19, 1976.

Richard D. Burris, Tucson, Ariz., for appellant.

James E. Mueller, Asst. U. S. Atty. (appeared), Tucson, Ariz., for appellee.

OPINION

Before DUNIWAY and TRASK, Circuit Judges, and BATTIN,* District Judge.

TRASK, Circuit Judge.

Appellant, Haro-Portillo was found guilty after a jury trial of importing marijuana into the United States from Mexico in violation of 21 U.S.C. §§ 952(a), 960(a)(1), and of possessing marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). He appeals from the judgment on the verdict and we affirm.

Two issues are raised on appeal, first, the sufficiency of the evidence to support the verdicts and, second, that the trial court erred in denying appellant's motion for a mistrial.

Appellant's testimony was that he was employed as a chauffeur to drive a stake truck with a load of adobe bricks from Sonoita, Mexico, to Tucson, Arizona. On the occasion in question when he reached the Customs Inspection Station at the Lukeville Port of Entry, 247 pounds of marijuana were found in the two saddle gas tanks attached to the frame of the truck.

In a number of cases this Court has held that when one drives a car laden with contraband, there is a substantial basis from which the trier of fact may infer that the driver has knowing possession of the contraband. *United States v. Zamora-Corona,* 465 F.2d 427 (9th Cir. 1972). A review of the cases by the court in *United States v. Martinez,* 514 F.2d 334 (9th Cir. 1975) discloses that the rule is based upon the thought that the driver exercises dominion and control over his vehicle and its contents from which knowing possession of the contraband it contains may be inferred. The inference here was strengthened by inconsistencies and improbabilities in appellant's story. Appellant argues that he was innocent, but the sufficiency of the evidence must be viewed in the light most favorable to the prevailing party, *Glasser v. United States,* 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680, 704 (1942). Based upon those tests we find the evidence entirely adequate.

When the contraband was discovered appellant was arrested and informed of his rights both in English and in Spanish. Thereafter, Agent Hatch of the Drug Enforcement Administration had a conversation with appellant about the case. When questioned by the prosecuting attorney about this conversation, the agent came to a point at which he said the appellant would not answer further questions; the defense then moved for a mistrial which was denied. We think this was properly so. Appellant's reliance upon *Griffin v. California,* 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965) is not persuasive. There the comment was upon the defendant's failure to testify which comment was held to violate the defendant's Fifth Amendment rights. Here the appellant voluntarily talked to the agent for a time after which he refused to answer any more questions. The agent simply explained what happened and relat-

* Honorable James F. Battin, United States District Judge for the District of Montana, sitting by designation.

ed the conversation until it was terminated. No violation of appellant's rights occurred in this testimony and the denial of the motion for a mistrial was correct.

The judgment is affirmed.