**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Carlos MEDINA–GASCA,**
**Defendant-Appellant.**

**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Alfonso RIVERA, Defendant-Appellant.**

**Nos. 83–5259, 83–5263.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 8, 1984.

Decided Aug. 10, 1984.

---

Roger W. Haines, Jr., Asst. U.S. Atty., argued, Peter K. Nunez, U.S. Atty., John A. Houston, Asst. U.S. Atty., on the brief, San Diego, Cal., for plaintiff-appellee.

Kenneth R. McMullan, George C. Boisseau, San Diego, Cal., for defendants-appellants.

Before ELY, TANG and BOOCHEVER, Circuit Judges.

ELY, Circuit Judge:

In a jury trial, Rivera was found guilty of having conspired to transport illegal aliens (8 U.S.C. § 1324(a)(2); 18 U.S.C. § 371) and two counts of aiding and abetting the transportation of illegal aliens (8 U.S.C. § 1324(a)(2); 18 U.S.C. § 2).

Medina-Gasca, in a non-jury trial conducted simultaneously with Rivera's jury trial, was found guilty of having conspired to transport illegal aliens and a count charging his transportation of an illegal alien. In this consolidated appeal, both Rivera and Medina-Gasca challenge the judgments of conviction. None of their contentions has merit; hence, we affirm.

## I. FOUNDED SUSPICION

 A joint motion to suppress certain of the prosecution's evidence was predicated upon the contention that the law enforcement officers were without legal authority to stop and detain a van being driven by Medina-Gasca and containing undocumented aliens as passengers. The motion was denied by the District Court on the basis that the officers possessed "founded" suspicion to stop the vehicle. If, when the van was stopped, the officers were aware of adequate facts and circumstances upon which to base a reasonable or "founded" suspicion that the vehicle was being utilized in criminal activity, *United States v. Espinoza*, 578 F.2d 224, 228 (9th Cir.), *cert. denied sub nom.*, *Oropeza-Briones v. United States*, 439 U.S. 849, 99 S.Ct. 151, 58 L.Ed.2d 151 (1978); *United States v. Brignoni-Ponce*, 422 U.S. 873, 881, 95 S.Ct. 2574, 2580, 45 L.Ed.2d 607 (1975), the investigatory stop of the van was justified. The district judge held that there were such "adequate facts and circumstances" and these are set forth in the prosecution's brief as follows:

"1. Pala Temecula Road is a notorious route for circumventing the Interstate 5 checkpoint.

2. The two vans and a blue sedan had been observed by the security officer traveling close together on Pala Road.

3. The two vans appeared heavily laden with possible illegal aliens.

4. Smith later observed the vans and the sedan parked bumper-to-bumper under a streetlight.

5. When Smith approached the vehicles in his marked patrol unit, the three vehicles quickly dispersed, with the sedan and one van making a U-turn in tandem.

6. Smith later saw the three vehicles traveling very close together, once again in a northernly (sic) direction, on Pala-Temecula Road. Smith telephoned the Border Patrol Checkpoint.

7. Agents situated on Pala-Temecula Road later observed three vehicles traveling in tandem for approximately 2–3 miles.

8. The three vehicles matched the description provided by Smith, the security officer.

9. The vans were observed to be riding low as if heavily loaded.

10. The agents recognized that all three vehicles were not a part of local traffic."

We cannot conscientiously hold that the District Court was incorrect in concluding, upon the basis of the above facts, that founded suspicion for the stop was established.

## II. PROBABLE CAUSE

 The second contention is that the authorities were without probable cause to make an arrest following the initial stop and detention. As to this, the test is whether "facts and circumstances within [the knowledge of the arresting officers] and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that [the arrestee] had committed or was committing an offense." *Beck v. Ohio*, 379 U.S. 89, 91, 85 S.Ct. 223, 225, 13 L.Ed.2d 142 (1964). Founded suspicion to stop for investigatory detention may ripen into probable cause to arrest through the occurrence of facts or incidents after the stop. *United States v. Portillo-Keyes*, 529 F.2d 844, 850 (9th Cir.), *cert. denied*, 429 U.S. 899, 97 S.Ct. 267, 50 L.Ed.2d 185 (1976).

■ The three involved vehicles, two vans, one being driven by Medina-Gasca, and a sedan being driven by Rivera, had been traveling in tandem, had stopped while operators of the vehicles conversed, and the officers discovered that the occupants of the vans were illegal aliens. From these facts and reasonable inferences flowing therefrom, the district judge was thoroughly justified in arriving at the conclusion that probable cause for the arrest was established.

### III. TRIAL COURT'S REFUSAL TO ADMIT "EXPERT" TESTIMONY

■ During the trial, at the beginning of the second day, and without having given the prosecution notice as required by Rule 12.2 of the Federal Rules of Criminal Procedure, Rivera informed the court and the prosecution that he would offer an expert witness to testify concerning his alleged mental deficiencies, including the inability to read. The court rejected the proffered testimony, and its doing so was not "manifestly erroneous." *United States v. Demma*, 523 F.2d 981, 987 (9th Cir.1975) (en banc). *See also United States v. Byers*, 730 F.2d 568, 570–71 (9th Cir.1984).

### IV. SUFFICIENCY OF EVIDENCE—RIVERA

■ This item does not warrant discussion. As we read the testimony, there was abundant evidence of Rivera's involvement and the legal justification for a rational trier of the facts to find, beyond all reasonable doubt, that Rivera was guilty of conspiracy.

Rivera further argues that the evidence was insufficient to support his conviction for having aided and abetted the transportation. Like his previous contention in respect to the adequacy of the prosecution's proof, this contention is virtually frivolous.

### V. HEARSAY STATEMENTS OF ONE SOTO–VELIZ

■ Soto-Veliz (Soto) was one of the undocumented aliens being transported. Prior to the trial, he had returned to Mexico. After having properly determined that Soto was unavailable, the district judge allowed the prosecution to introduce, through the testimony of immigration officers, statements that Soto had made to the officials in respect to his place of birth, his origin, and his ancestry. Since some of this testimony went to a critical element of the crimes charged, *i.e.*, the illegal alienage of Soto, we think the trial judge would have been better advised to exclude it. *See Dutton v. Evans*, 400 U.S. 74, 87, 91 S.Ct. 210, 219, 27 L.Ed.2d 213 (1970). This is our judgment, notwithstanding the provisions of Rule 804(b)(4) of the Federal Rules of Evidence allowing for the admission of hearsay statements relating to "birth," "ancestry," and other historical facts about which the declarant would necessarily have no personal knowledge. At the same time, a review of the record as a whole indicates to us, without doubt, that the court's evidentiary error, if it were such, did not substantially affect the fairness of the trial and was not of such prejudicial harm as to require a new trial. Even should it be assumed that Rivera was denied a constitutional right under the Confrontation Clause, the denial was harmless beyond a reasonable doubt. *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); *cf. Anderson v. Nelson*, 390 U.S. 523, 88 S.Ct. 1133, 20 L.Ed.2d 81 (1968).

### VI. WITHHOLDING OF EVIDENCE

■ Rivera argues that the prosecution was guilty of prejudicial misconduct in failing to disclose to Rivera the existence and name of a witness whose testimony might have operated to Rivera's benefit. This witness, claims Rivera, could have testified that there was a "party" at a certain reservation in progress on the night of Rivera's arrest. Rivera had testified that he had attended such a party, and that was his alibi. We note, first, that the prosecution did not learn that the "witness" knew of the "party" until very near the end of the trial. Furthermore, if this "witness," along with any number of others, had testified that a party had occurred, such testimony would have constituted no proof that Rivera was present at the party at the

crucial times. Rivera was carefully noted and identified when arrested, and the evidence of his guilt was overwhelming.

Finally, it is argued that the prosecutor committed prejudicial misconduct in his argument to the jury that Rivera fabricated the existence of a party. The prosecutor did not do this. His argument, read in context, reflects that, instead, he argued that Rivera fabricated his, Rivera's, presence at the party. In the circumstances such an argument was wholly legitimate.

As to both Medina-Gasca and Rivera, the judgments of conviction are

AFFIRMED.

BOOCHEVER, Circuit Judge, concurring:

In view of our holding that the admission into evidence of the statements of Soto-Veliz, if erroneous, was harmless beyond a reasonable doubt I would not express an opinion on whether the trial judge would have been better advised to exclude the testimony despite the provisions of Rule 804(b)(4) of the Federal Rules of Evidence. Otherwise, I agree with Judge Ely's opinion.