872 F.2d 430
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 UNITED STATES of America, Plaintiff-Appellee,
v.
Leonarda O. BARRERA, Defendant-Appellant.
 No. 87-1363.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 9, 1989.
Decided April 5, 1989.
 Before GOODWIN, ALARCON and NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Leonarda O. Barrera appeals her conviction, following a jury trial, for possession of 108 pounds of marijuana with intent to distribute, in violation of 21 U.S.C. Secs. 842(a)(1) and (b)(1)(d), and for importation of the marijuana, in violation of 21 U.S.C. Secs. 952(a), 960(a)(1) and 960(b)(4). She contends that: (1) the evidence was insufficient to support her conviction; (2) the district court improperly admitted hearsay evidence; and (3) the prosecutor engaged in misconduct by asking prejudicial questions during the trial.
 
 
 3
 Although we conclude that the district court erred in admitting hearsay evidence, the error was harmless and, accordingly, we affirm.
 
 I. Sufficiency of the Evidence
 
 4
 We uphold a conviction if, viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 807, 319 (1979); United States v. Aceves-Rosales, 832 F.2d 1155, 1157 (9th Cir.1987). The government is entitled to all reasonable inferences that might be drawn from the evidence. Aceves-Rosales, 832 F.2d at 1157.
 
 A. Possession with Intent to Distribute
 
 5
 Barrera was arrested at the Mexican border after customs inspectors discovered 108 pounds of marijuana in a hidden compartment in the back of a truck she was driving. She contends that the government failed to prove beyond a reasonable doubt that she had knowledge of the marijuana found in the truck and was able to exercise control over it. The contention is meritless.
 
 
 6
 Conviction for possession of a controlled substance requires both knowledge of the presence of the substance and ability to exercise control over it. United States v. Penagos, 823 F.2d 346, 350 (9th Cir.1987). Mere presence in a vehicle in which contraband is found is not enough, id. at 351, but the trier of fact may draw reasonable inferences of guilty knowledge from additional evidence. United States v. Haro-Portillo, 531 F.2d 962, 963 (9th Cir.1976). Guilty knowledge may be inferred from the defendant's possession of a contraband-laden vehicle when in addition there are inconsistencies and improbabilities in the defendant's case, id., or when the contraband is worth a large sum of money. United States v. Del Aguila-Reyes, 722 F.2d 155, 157-58 (5th Cir.1983).
 
 
 7
 Here, evidence of Barrera's possession and control of the truck and knowledge of the marijuana's presence was overwhelming. A notarized document in the truck's glove compartment showed that the truck's owner had entrusted it to her. Although her adult son was also in the truck, she was its driver. Percodan pills found in her purse and in blankets covering the hidden compartment linked her to the location where the marijuana was found. The marijuana's $100,000 value was sufficiently high to raise a reasonable inference that Barrera would not have been casually or innocently entrusted with it. See Del Aguila-Reyes, 722 F.2d at 157-58.
 
 
 8
 Moreover, there were several inconsistencies in Barrera's testimony. Barrera told one border agent that she was returning from the border town of Nogales, Mexico, but told a second agent that she was returning from Hermosillo, Sonora, some distance from the border. Barrera initially told an agent that she had not bought any drugs in Mexico; later she admitted to having bought percodan pills. Although she testified that she had been a mere passenger in the truck, and that her son had been driving until the truck ran out of gas near the border, she later conceded that she had driven the truck around Nogales and then to the border. Barrera initially denied having put anything in the truck's back section, but then admitted having put the blankets and pills there. Although an inspector testified to a strong perfume odor in the truck's back section, Barrera denied smelling perfume.
 
 
 9
 In sum, evidence of Barrera's possession and control of the truck, of her having been near the truck's hidden compartment, and of the marijuana's value, combined with numerous inconsistencies and improbabilities in her testimony, more than sufficed to establish that she knew of the marijuana and was able to exercise control over it. See Penagos, 823 F.2d at 350.[1]
 
 B. Importation of a Controlled Substance
 
 10
 To sustain a conviction for importation of a controlled substance, the government must prove that the defendant knowingly or intentionally imported a controlled substance into the United States. United States v. Flickinger, 573 F.2d 1349, 1359 (9th Cir.1978). There was ample evidence to establish Barrera's knowing possession of the marijuana (see subpart A, supra ). In addition, it is undisputed that Barrera was attempting to enter the United States from Mexico. Accordingly, the evidence sufficed to sustain her conviction for importation. See Flickinger, 573 F.2d at 1359.
 
 II. Admission of Hearsay Testimony
 
 11
 Barrera contends that the district court erred in permitting a customs agent to testify, over objection, that a man who came to the border station while Barrera was being detained displayed a birth certificate that identified him as having the last name of Barrera.
 
 
 12
 If the man's tender of a birth certificate was an assertional act, then the agent's testimony was hearsay offered to prove the truth of the matter asserted--namely, that the man was the person identified by the certificate--and properly should have been excluded. Fed.R.Evid. 801(a), 802. The government contends that the tender was not an assertional act, relying on this court's reasoning that "a name, however learned, is not really testimonial ... [but] is a bit of circumstantial evidence." United States v. May, 622 F.2d 1000, 1007, cert. denied, sub nom., Phipps v. United States, 449 U.S. 984 (1980). See also United States v. Snow, 517 F.2d 441, 443 (9th Cir.1975).
 
 
 13
 Although Snow and May are relevant, they are not controlling due to significant differences between their facts and those of Barrera's case. First, the hearsay testimony here challenged described physical evidence, a birth certificate, that was not introduced into evidence, whereas in both May and Snow the government introduced the physical evidence itself. Had the government produced the birth certificate, Barrera would have had the opportunity to challenge its authenticity, pursuant to Fed.R.Evid. 803(9).
 
 
 14
 Second, May is distinguishable because there the court found that the challenged items--cards containing photos of protestors charged with trespass and names given by the pictured persons--had not been admitted to establish the names of the pictured individuals. In contrast, here, the name on the birth certificate was used to establish the truth of the matter asserted; namely, the identity of the man at the border station.
 
 
 15
 Thus, Snow and May do not support the conclusion that the man's tender of a birth certificate was a non-assertional act. Since testimony of the tender was offered to prove the truth of the matter asserted, and since the testimony did not fall within any exception to the hearsay rule, the testimony was inadmissible hearsay, and the district court abused its discretion by admitting it. See United States v. Cowley, 720 F.2d 1037, 1040 (9th Cir.1983).
 
 
 16
 Barrera contends that the error was not harmless because the erroneously admitted testimony directly contradicted her testimony that her husband had stayed in Los Angeles while she traveled to Mexico and, accordingly, substantially undermined her credibility. We reject that contention. In light of the overwhelming evidence against Barrera and the numerous inconsistencies in her testimony (see part I, supra ), the error in admitting the hearsay testimony was harmless beyond a reasonable doubt. See United States v. Medina-Gasca, 739 F.2d 1451, 1454 (9th Cir.1984).
 
 III. Prosecutorial Misconduct
 
 17
 Prosecutorial comments to which a defendant objected are reviewed for harmless error; if the defendant did not object, the standard of review is the "plain error" test. United States v. Endicott, 803 F.2d 506, 513 (9th Cir.1986).
 
 A. Questioning Concerning Percodan Pills
 
 18
 Barrera claims that the prosecutor committed prejudicial misconduct in questioning a customs inspector about the legality of her possessing percodan pills, and also in questioning her and other witnesses about the pills in a manner designed to emphasize their illegality. This contention fails.
 
 
 19
 This court condemns prosecutorial behavior as misconduct only when, considered in the context of the entire trial, the behavior affected the jury's ability to judge the evidence fairly. Endicott, 803 F.2d at 513.
 
 
 20
 Although an inspector did testify that he believed Barrera's possession of the pills was illegal, the district court promptly sustained Barrera's objection and instructed the jury to disregard the statement. Any prejudice resulting from the statement was cured by the court's prompt instruction. See Endicott, 803 F.2d at 513.
 
 
 21
 Other questions about the pills clearly were proper. The prosecutor questioned two witnesses about the pills before the inspector commented on their illegality. Thus, those questions could not have emphasized the pills' illegality. When the prosecutor questioned Barrera following the inspector's testimony, she made no mention of the pills' illegality. Rather, she confronted Barrera with the fact that pills found in her purse were the same as those found in the truck near the hidden compartment, and elicited from her an admission that she had been in that part of the truck. Because that questioning did not affect the jury's ability to judge the evidence fairly, the prosecutor did not engage in misconduct. See Endicott, 803 F.2d at 513.
 
 B. Misstating the Evidence
 
 22
 Barrera further contends that the prosecutor misrepresented the evidence during cross-examination of Barrera by stating that a man who walked through the border station about two hours after her arrest gave the name of her husband. This contention fails.
 
 
 23
 A prosecutor may not cross-examine an accused in such a way as to imply the existence of a prejudicial fact unless he or she is prepared to prove that fact. United States v. Tham, 665 F.2d 855 (9th Cir.1981), cert. denied, 456 U.S. 944 (1982). Here, the prosecutor improperly implied that the man had identified himself as Daniel Barrera, the name of Barrera's husband, when in fact the inspector had testified only that the man had shown a birth certificate with the last name of Barrera. However, Barrera did not object. Accordingly, the plain error standard applies. Endicott, 803 F.2d at 513. Plain error is "a highly prejudicial error affecting substantial rights." United States v. Bustillo, 789 F.2d 1364, 1367 (quoting United States v. Giese, 597 F.2d 1170, 1199 (9th Cir.), cert. denied, 444 U.S. 979 (1979)).
 
 
 24
 Here, there was no plain error in admitting testimony that the man at the border station gave "Barrera" as his last name (see Part II, supra. The misstatement that he also gave "Daniel" as his first name was not so significant as to constitute plain error. See Endicott, 803 F.2d at 513.
 
 C. Vouching for a Witness's Credibility
 
 25
 Barrera contends that the prosecutor, by asking her why a customs inspector's testimony contradicted her own, improperly vouched for, and obliged her to comment on, the inspector's credibility. However, merely asking a defendant to speculate as to why his or her testimony conflicts with the testimony of a government witness does not amount to vouching for the government witness's credibility. See United States v. Wellington, 754 F.2d 1457, 1468 (9th Cir.1985), cert. denied, 474 U.S. 1032 (1986). Further, because the trial court sustained Barrera's objection to the question, Barrera was not obliged to comment on the inspector's veracity. In addition, the trial court gave a standard instruction on credibility of witnesses that eliminated any danger of prejudice. See United States v. Buras, 633 F.2d 1356, 1360-61 (9th Cir.1980). Thus, the prosecutor did not engage in misconduct. See Endicott, 803 F.2d at 513.
 
 D. Cumulative Error
 
 26
 Barrera contends that, even if each claimed instance of prosecutorial misconduct independently were harmless, the cumulative effect deprived her of a fair trial. See United States v. Berry, 627 F.2d 193, 200-01 (9th Cir.1980). The contention is without merit. In light of the strong evidence of Barrera's guilt and numerous inconsistencies in her testimony, any errors concerning prosecutorial misconduct, even when viewed together, were clearly harmless.
 
 
 27
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Circuit R. 36-3
 
 
 [1]
 Barrera does not challenge the sufficiency of the evidence to establish her intent to distribute. That intent may be inferred from the value and quantity of the marijuana she possessed. See United States v. Savinovich, 845 F.2d 834, 838 (9th Cir.1988)