894 F.2d 410
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 UNITED STATES of America, Plaintiff-Appellee
v.
Cornelius WILLIAMS, Defendant-Appellant.
 No. 88-1120.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 14, 1989.
Decided Jan. 19, 1990.
 Before REINHARDT, BEEZER and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Defendant Cornelius Williams challenges his conviction under 8 U.S.C. Sec. 1324(a)(1)(B) for the transportation of illegal aliens. He contends that evidence upon which his conviction was based was obtained during an illegal stop of his vehicle by an agent of the U.S. Border Patrol, and that the district court erroneously denied his motion to suppress.
 
 
 3
 The Fourth Amendment applies to all seizures of the person, including the stop of defendant's vehicle here. Border Patrol "officers on roving patrol may stop vehicles only if they are aware of specific articulable facts, together with rational inferences from those facts, that reasonably warrant suspicion that the vehicles contain aliens who may be illegally in the country." United States v. Brignoni-Ponce, 422 U.S. 873, 884 (1975). In determining whether an officer's suspicion was reasonable, "the totality of the circumstances--the whole picture--must be taken into account." United States v. Cortez, 449 U.S. 411, 417 (1981). Moreover, we must review "from the prospective of the officer['s] experience, rather than from the perspective of someone untrained in law enforcement." United States v. Magana, 797 F.2d 777, 780 (9th Cir.1986).
 
 
 4
 Here, there were sufficient facts for the Border Patrol agent to reasonably believe, based on his experience, that defendant was engaged in unlawful activity: defendant was traveling on a common smuggling route; he was approximately 15 miles from the Mexican border; he was traveling north, away from the border; the time was approximately 5:00 a.m., an unusual hour for traffic on that particular road; his vehicle was not locally registered, appeared heavily loaded and was of a type commonly used by smugglers; defendant significantly reduced his speed upon seeing the agent. Although these facts could also have been consistent with lawful activity, they are not dissimilar to those considered sufficient by our prior decisions finding reasonable suspicion. See, e.g., United States v. Magana, 797 F.2d 777, 780-82 (9th Cir.1986) (reasonable suspicion based on appearance of vehicle, out-of-state registration, occupants of Mexican ancestry and substantial reduction in speed); United States v. Corral-Villavicencio, 753 F.2d 785, 789 (9th Cir.1985) (reasonable suspicion based on proximity to the border, unusual hour and officers' knowledge that frequent contraband pickups occurred in area and that driver was probably not the owner of the vehicle); United States v. Medina-Gasca, 739 F.2d 1451, 1453 (9th Cir.1984) (reasonable suspicion based on route traveled, three vehicles driving in tandem, appearance of heavy load and evasive driving). Moreover, "law enforcement officers do not have to rule out the possibility of innocent behavior" in order to have reasonable suspicion that criminal activity is afoot. United States v. Sutton, 794 F.2d 1415, 1427 (9th Cir.1986).[1] Therefore, we affirm the district court's denial of the motion to suppress and defendant's subsequent conviction under 8 U.S.C. Sec. 1324(a)(1)(B).
 
 
 5
 Although defendant did not raise the issue on appeal, we have held that 18 U.S.C. Sec. 3013 violates the origination clause of the Article I, section 7 of the U.S. Constitution. United States v. Munoz-Flores, 863 F.2d 654, 661 (9th Cir.1988), cert. granted, 110 S.Ct. 48 (1989). We raise this issue sua sponte and remand to the district court to vacate the special assessment. See Shah v. United States, 878 F.2d 1156, 1163 (9th Cir.), cert. denied, 110 S.Ct. 195 (1989).
 
 
 6
 AFFIRMED IN PART AND REMANDED IN PART.
 
 
 7
 Judge Reinhardt concurs in the result.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 This case is distinguishable from our recent decision in United States v. Hernandez-Alvarado, slip. op. 14,415 (9th Cir. Dec. 14, 1989), in which we found an investigatory stop unreasonable on a similar, yet distinct, set of facts. Although Hernandez-Alvarado also involved the stop of a vehicle traveling north near the Mexican border, defendant's vehicle in that case did not appear heavily loaded and was locally registered. Moreover, defendant did not reduce his speed as dramatically as did Williams upon seeing Border Patrol agents. Finally, although the defendant in Hernandez-Alvarado was traveling at a somewhat unusual hour given the holiday season, slip op. at 14,418 n. 2, it was nevertheless at a time when there was commuter traffic on the highway from a nearby city. By contrast, Williams was traveling on a deserted rural road during the pre-dawn hours