5 F.3d 542
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
JULIO G., Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
MANUEL C., Defendant-Appellant.
 Nos. 92-10627, 92-10643.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 14, 1993.
Decided Sept. 2, 1993.
 
 Appeal from the United States District Court, for the District of Arizona, D.C. No. CR-92-00562-JMR; John M. Roll, District Judge, Presiding.
 D.Ariz.
 AFFIRMED IN PART AND REVERSED IN PART.
 Before: WALLACE, Chief Judge, D.W. NELSON and O'SCANNLAIN, Circuit Judges.
 
 MEMORANDUM
 
 1
 Julio G. and Manuel C. appeal from their convictions following a bench trial for juvenile delinquency in violation of 18 U.S.C. Secs. 5031-5037 in that they knowingly and intentionally possessed marijuana with intent to distribute, in violation of 21 U.S.C. Secs. 841(a)(1) and (b)(1)(B), and knowingly and intentionally imported marijuana into the United States from Mexico, in violation of 21 U.S.C. Secs. 952(a), and 960(a)(1) and (b)(2)(G). The district court had jurisdiction pursuant to 18 U.S.C. Sec. 3231. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. Sec. 1291. We affirm in part and reverse in part.
 
 
 2
 Julio and Manuel assert that the government's failure to preserve certain evidence violated their rights under the Fifth and Sixth Amendments. They therefore contend that the district court erred in denying their motions to dismiss the importation count, or, in the alternative, to exclude the testimony of Priesner. We review the district court's refusal to impose sanctions as a remedy for the loss or destruction of evidence under the abuse of discretion standard. United States v. Roberts, 779 F.2d 565, 568-69 (9th Cir.), cert. denied, 479 U.S. 839 (1986).
 
 
 3
 The failure of the government to preserve potentially exculpatory evidence only violates due process where a defendant can show that the evidence was lost or destroyed in "bad faith." Arizona v. Youngblood, 488 U.S. 51, 58 (1988). "The presence or absence of bad faith by the police ... must necessarily turn on the police's knowledge of the exculpatory value of the evidence at the time it was lost or destroyed." Id. at 56-57 n.*.
 
 
 4
 Julio and Manuel contend that Youngblood does not apply in this case because the lost videotape was clearly exculpatory. Julio suggests that the tape would have revealed that Julio was not the driver of the pickup truck when it crossed the border. Manuel adds that the tape would have revealed that he was not in the vehicle when it crossed the border. This is pure speculation. At most, the lost evidence was potentially exculpatory. Because neither Julio nor Manuel have pointed to any evidence suggesting that the police acted in bad faith, we conclude that the failure to preserve the tape and other evidence did not violate their constitutional rights. The district court therefore did not err in denying the motions to dismiss.
 
 
 5
 The district court also did not err in refusing to exclude the testimony of Priesner. "Factors to be considered when determining if exclusion is an appropriate sanction for destroying or failing to preserve evidence are the 'quality of the Government's conduct and the degree of prejudice to the accused.' " United States v. Belden, 957 F.2d 671, 674 (9th Cir.), cert. denied, 113 S.Ct. 234 (1992), quoting United States v. Loud Hawk, 628 F.2d 1139, 1152 (9th Cir.1979) (en banc), cert. denied, 445 U.S. 917 (1980). As we discussed above, there is no evidence that any government official displayed bad faith in failing to preserve the videotape and other evidence. Nor were Julio and Manuel were unduly prejudiced. They had the opportunity to cross-examine Priesner about his observations. See id. In addition, they made use of a videotape--taken by the same camera several months earlier--of the area where the truck crossed the border. This tape presented a rough approximation of what the videotape made by Priesner would have revealed. Thus, the district court properly exercised its discretion in allowing Priesner to testify.
 
 
 6
 Julio and Manuel also argue that there was insufficient evidence to support their convictions. "We will uphold a conviction if, viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt of each element of the crime charged." United States v. Sanchez-Mata, 925 F.2d 1166, 1166 (9th Cir.1991) (Sanchez-Mata). We assume that the trier of fact assessed the credibility of witnesses, resolved evidentiary conflicts, and drew all reasonable inferences in a manner that supports the verdict. See United States v. Ramos, 558 F.2d 545, 546 (9th Cir.1977).
 
 
 7
 We turn first to Julio's convictions. Julio contends that he did not knowingly possess the marijuana in the truck. "A person may not be convicted of illegal possession unless he knows contraband is present and is capable of exercising dominion and control over the contraband." United States v. Penagos, 823 F.2d 346, 350 (9th Cir.1987). Although Julio offered an innocent explanation for his conduct, it is uncontroverted that he was driving the truck when it was stopped by Border Patrol agents. We have held that "when one drives a car laden with contraband, there is a substantial basis from which the trier of fact may infer that the driver has knowing possession of the contraband." United States v. Haro-Portillo, 531 F.2d 962, 963 (9th Cir.1976) (Haro-Portillo). This "rule is based upon the thought that the driver exercises dominion and control over his vehicle and its contents from which knowing possession of the contraband it contains may be inferred." Id. We have also held that "mere possession of a substantial quantity of narcotics is sufficient to support an inference that a defendant knowingly possessed the narcotics." United States v. Barbosa, 906 F.2d 1366, 1368 (9th Cir.), cert. denied, 498 U.S. 961 (1990). These inferences alone are sufficient to support Julio's possession conviction.
 
 
 8
 In this case, these inferences are "strengthened by the inconsistencies and implausibilities in [Julio's] story." Haro-Portillo, 531 F.2d at 963. Julio testified that he was in a small park waiting for the stores to open. He alleged that an unknown individual approached him and offered him money to drive the truck to a nearby K-Mart store. Although Julio maintained that he did not know that contraband was inside the truck, he admitted that he thought the truck might have been stolen. He also stated that he stopped and picked up Manuel, whom he did not know beforehand. Julio testified that Manuel had asked for a ride to the K-Mart so that he could buy a pair of tennis shoes. Priesner testified that he observed the truck slip through a hole in the fence at the international border. He lost sight of the truck for no more than two minutes while it was in the vicinity of the park. The district court properly found that Julio's version of events does not make sense in light of the time frame involved.
 
 
 9
 Several other pieces of evidence also undercut Julio's innocent explanation. First, the truck contained 458 pounds of marijuana valued at $230,000, making it unlikely that it would be entrusted to "an unknowing dupe." United States v. Castro, 972 F.2d 1107, 1111 (9th Cir.1992), cert. denied, 113 S.Ct. 1350 (1993). Second, Julio's testimony that he did not smell anything in the truck is contradicted by the testimony of Border Patrol agents that the marijuana gave off a strong odor. Third, Julio apparently was not on his way to the K-Mart when he was spotted by Border Patrol agents. Finally, Julio fled after the agents attempted a vehicle stop. See United States v. Chambers, 918 F.2d 1455, 1458 (9th Cir.1990) ("The nature of an attempt to flee from law enforcement officials is probative of possession as well as knowledge."). The district court did not believe Julio. "When the defendant elects to testify, he runs the risk that if disbelieved, the trier of fact may conclude the opposite of his testimony is the truth." United States v. Kenny, 645 F.2d 1323, 1346 (9th Cir.), cert. denied, 452 U.S. 920 (1981). Together with the evidence and inferences discussed above, Julio's unbelieved testimony is sufficient to support his conviction for possession of marijuana with intent to distribute. See id.
 
 
 10
 As to his importation conviction, Julio points out that the government did not present any direct evidence that he drove the car across the border. However, the government may rely on circumstantial evidence to prove illegal importation. United States v. Perez, 776 F.2d 797, 802 (9th Cir.1985). Julio asserts that he was in the United States when he agreed to drive the truck. As we discussed above, however, Julio's story was disbelieved. Given the time frame involved, a rational fact finder could have concluded that Julio drove the vehicle across the border. We therefore hold that there was sufficient evidence to sustain Julio's convictions.
 
 
 11
 Manuel's convictions present a closer case. "Mere proximity to contraband, presence on property where it is found, and association with a person or persons having control of it are all insufficient to establish constructive possession." Sanchez-Mata, 925 F.2d at 1169. The government must demonstrate that Manuel was more than a mere passenger in the truck. See id.
 
 
 12
 At most, the evidence suggests that Manuel might have known about the marijuana. However, a defendant may know about the presence of contraband without having dominion and control over it. See id. Here, as in Sanchez-Mata, Manuel did not have a key to the car, was not driving the car, and did not own the car. See id. Although the government states that the back of truck may not have been locked, this fact does not demonstrate that Manuel had dominion over the marijuana stored there. Cf. United States v. Behanna, 814 F.2d 1318, 1320 (9th Cir.1987) (reversing conviction for possession of an unregistered firearm where the government did no "more than show that the defendant was present as a passenger in the vehicle and within reach of the weapon"). Likewise, his refusal to get out of the truck does not demonstrate that he had either dominion or control over the marijuana. In short, the only evidence of dominion against Manuel was his presence as a passenger in the truck. This is an insufficient basis to support his convictions. See Sanchez-Mata, 925 F.2d at 1169.
 
 
 13
 The government also asserts that Manuel's convictions may be supported by an aiding and abetting theory. See id. at 1168-69. According to this argument, Julio and Manuel were part of a "joint venture" to import the marijuana and deliver it to another person. However, there is no evidence that Manuel assisted Julio in the criminal venture or otherwise sought by his actions to make it succeed. Id. As we held in Sanchez-Mata, Manuel's mere "presence as a passenger in the [truck] cannot support an aiding and abetting theory." Id. at 1169. We therefore reverse Manuel's convictions.
 
 
 14
 AFFIRMED as to Julio G.; REVERSED as to Manuel C.
 
 
 15
 Note: This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.