33 F.3d 60
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lourdes TOPETE de NAVARRO, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rogelio LOPEZ-PEREZ, Defendant-Appellant.
 Nos. 93-10594, 93-10611.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 15, 1994.
Decided Aug. 18, 1994.
 
 Before: FERNANDEZ, RYMER, and T.G. NELSON, Circuit Judges.
 
 
 1
 Rogelio Lopez-Perez and Lourdes Topete de Navarro appeal their convictions for importation of marijuana and possession of marijuana with intent to distribute. We affirm.
 
 DISCUSSION
 A. Sufficiency of the Evidence
 
 2
 There is sufficient evidence to support a conviction if, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). The crime of possession with intent to distribute has three essential elements. "The government must prove beyond a reasonable doubt that the defendant (1) knowingly, (2) possessed the [narcotic] (3) with an intent to distribute it." United States v. Ocampo, 937 F.2d 485, 488 (9th Cir.1991). To prove importation, the government must show that the defendant knowingly or intentionally imported marijuana.
 
 
 3
 The only element of the crimes at issue is the knowledge of defendants. "[C]ircumstantial evidence and inferences drawn from it may be sufficient to sustain a conviction." United States v. Reyes-Alvarado, 963 F.2d 1184, 1888 (9th Cir.), cert. denied, 113 S.Ct. 258 (1992).
 
 
 4
 Here, the evidence was sufficient to sustain the conviction of both appellants. The marijuana was fresh, and the silicone used to seal the tank was tacky. The oil on the bolts holding the gas tank was fresh, and there was no dust on them. The quantity of marijuana was sufficient to displace a considerable portion of the gasoline in the tank, and there were four containers in the van, all smelling of gasoline.
 
 
 5
 In addition, appellants owned the van jointly and it was registered in both their names. While Rogelio was driving when they were arrested, Lourdes had driven the van to Mexico unaccompanied by Rogelio. Knowing possession may be shown by proof of exclusive dominion or by virtue of some special relationship to the person who controls the drug. Eason v. United States, 281 F.2d 818, 821 (9th Cir.1960). As for the contention, advanced by each of them, that the other could have been the possessor, the evidence of a close relationship, joint venture and general conduct was sufficient to warrant a reasonable jury finding beyond a reasonable doubt that possession was joint. See id.; see also United States v. Savinovich, 845 F.2d 834, 837 (9th Cir.), cert. denied, 488 U.S. 943 (1988) ("there is a rational basis for attributing interest in the contraband to one party because of relationship with another"). The joint ownership of the van, the relationship between them, and the testimony of Lourdes that the van was always in their possession are sufficient to support an inference of joint control. Lourdes' argument of mere presence is unconvincing.
 
 
 6
 Inconsistencies and improbabilities in defendants' stories can strengthen an inference of knowing possession. United States v. Haro-Portillo, 531 F.2d 962, 963 (9th Cir.1976). Rogelio's statement that he never put gasoline in the four containers was inconsistent with the fact that all four smelled of gasoline. The jury was free to disbelieve that Lourdes had used the largest container for lawn mower gas without telling Rogelio. The testimony of the two also varied about whether Lourdes actually entered Mexico on February 3, whether or not she had a credit card, and whether she had a problem with the Mexican authorities.
 
 
 7
 The district court did not err in denying the Rule 29 motion, as the evidence was sufficient to sustain the convictions.
 
 
 8
 B. The Gas Tank.
 
 
 9
 The defense made two unavailing attempts to measure the capacity of the gas tank. Yet no motion for continuance was made to permit the measurement, and more tellingly, no attempt was made to measure the capacity of the tank once it was introduced in evidence. "Although disclosure must be made when it is still of substantial value to the accused, the prosecution need not produce Brady material before trial." United States v. Woodley, 9 F.3d 774, 777 (9th Cir.1993). In addition, Agent Gibson, whom defense counsel asserted had measured the tank, was in court but was not called by the appellants.
 
 
 10
 Appellants' claim of prosecutorial misconduct also fails. Mr. Davis testified that the capacity of the gas tank was reduced by at least fifty percent by the container of marijuana. Thus, the prosecutor's argument was based on testimony in the record.
 
 
 11
 Both convictions are AFFIRMED.
 
 
 12
 ---------------
 
 
 
 * This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3.