60 F.3d 835
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jerry E. DENNIS, II, Defendant-Appellant.
 No. 92-50587.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 26, 1995.*
Decided July 3, 1995.
 
 Before: O'SCANNLAIN, LEAVY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jerry E. Dennis, II appeals his conviction, following a jury trial, for importation of marijuana and possession with intent to distribute marijuana in violation of 21 U.S.C. Secs. 952, 960 and 841(a)(1). Dennis contends that there was insufficient evidence to prove that he knowingly possessed marijuana with intent to distribute. We have jurisdiction under 28 U.S.C. Sec. 1291. We affirm.
 
 
 3
 In reviewing whether the evidence presented at trial was sufficient to support a conviction, we must determine if, after viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); United States v. Davila-Escovedo, 36 F.3d 840, 842 (9th Cir. 1994), cert. denied, 115 S. Ct. 953 (1995).
 
 
 4
 To sustain a conviction under 21 U.S.C. Sec. 841(a)(1), the government must show that a defendant: 1) knowingly 2) possessed marijuana 3) with intent to distribute it. See United States v. Mora, 876 F.2d 76, 77 (9th Cir. 1989). Possession of a large quantity of drugs alone may be sufficient to show knowing possession. See Davila-Escovedo, 36 F.3d at 843; United States v. Savinovich, 845 F.2d 834, 837 (9th Cir.), cert. denied, 488 U.S. 943 (1988). Furthermore, knowledge of possession may be inferred when a defendant was the driver and sole occupant of a car laden with contraband. Davila-Escovedo, 36 F.3d at 843; United States v. Haro-Portillo, 531 F.2d 962, 963 (9th Cir. 1976).
 
 
 5
 Here, the government presented circumstantial evidence from which a reasonable jury could have inferred that Dennis knew that the vehicle he attempted to drive across the Mexican border contained marijuana. See Davila-Escovedo, 36 F.3d at 842. U.S. Customs Inspector Gutierrez testified that during questioning, Dennis displayed typical signs of nervousness. After a dog alerted for the presence of narcotics, Gutierrez got into the car and noticed a strong sweet smell which he recognized as a common method of masking the odor of narcotics. An air freshener was the only item found in the glove compartment.
 
 
 6
 Gutierrez also testified that the car had been modified so that narcotics could be transported in the gas tank. The gasoline was stored in the windshield wiper fluid reservoir, and the driver of the car would have to carefully monitor the gasoline level in order to drive across the border without running out of fuel. In addition, there was a can of gasoline in the trunk which contained approximately one-half gallon of gas.
 
 
 7
 Bundles of marijuana were found in the gas tank, under the rear seat, in the side panels of the car and in a spare tire. A total of 130 pounds of marijuana was found, which was a "pretty big load" for one person to bring across the border at one time. See Davila-Escovedo, 36 F.3d at 843; Savinovich, 845 F.2d at 838.
 
 
 8
 Dennis contends that he was utilized as a "blind mule" who had no knowledge of the presence of marijuana in the car.[1] Dennis testified at trial that he did not know the car contained marijuana, nor had he ever seen the car before. In a videotaped deposition played at trial, Dean Barren, a California state employee who had occasion to visit Dennis's house in the performance of his job, testified that he had observed the white Chrysler Cordoba at Dennis's residence on at least two separate occasions. The presence of such inconsistencies and improbabilities in Dennis's story strengthens an inference of knowing possession. See Haro-Portillo, 531 F.2d at 963.
 
 
 9
 Accordingly, there was sufficient evidence for a rational jury to find beyond a reasonable doubt that Dennis knowingly possessed marijuana with intent to distribute. See Davila-Escovedo, 36 F.3d at 843.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Rather, Dennis testified that he had gone to Mexico to have lunch with his friend Martin and some of Martin's friends whom he had never met. After one of Martin's friends got sick, Martin asked Dennis to drive the sick friend's car, and Dennis agreed