77 F.3d 491
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Adalberto PINEDA-ANORVE, Defendant-Appellant.
 No. 95-10281.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 7, 1996.*
Decided Feb. 12, 1996.
 
 Before: PREGERSON, CANBY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Adalberto Pineda-Anorve appeals his conviction following the entry of a conditional guilty plea to possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1) and conspiracy in violation of 21 U.S.C. § 846. Pineda-Anorve contends that the district court erred by denying his suppression motion because U.S. Customs Agents lacked founded suspicion to conduct an investigatory stop and probable cause for his subsequent arrest. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 Whether there was founded suspicion to justify an investigatory stop or probable cause to arrest is a mixed question of law and fact which we review de novo. United States v. Valencia, 24 F.3d 1106, 1108 (9th Cir.1994) (probable cause); United States v. Carrillo, 902 F.2d 1405, 1410-11 (9th Cir.1990) (founded suspicion).
 
 
 4
 Founded suspicion exists if the officer is aware of specific, articulable facts which, together with objective and reasonable inferences, form a basis for suspecting that the particular person detained is engaged in criminal activity. United States v. Rodriguez-Sanchez, 23 F.3d 1488, 1492 (9th Cir.1994); United States v. Hernandez-Alvarado, 891 F.2d 1414, 1416 (9th Cir.1989). The stop is evaluated examining the totality of the circumstances and facts are to be interpreted from the perspective of an experienced law enforcement officer. United States v. Alvarez, 899 F.2d 833, 836-37 (9th Cir.1990), cert. denied, 498 U.S. 1024 (1991). An anonymous tip, which is corroborated by independent police investigation, may exhibit sufficient indicia of reliability to provide founded suspicion to conduct an investigatory stop. Alabama v. White, 496 U.S. 325, 330-31 (1990); id. at 836-37.
 
 
 5
 Here, U.S. Customs agents received an anonymous tip from Sasabe, Arizona, a small town on the border of Arizona and Mexico.[1] The tipster informed the agent that eight men had loaded burlap bundles into a metallic grey Chevrolet Classic, Arizona license plate ADY-827, and were heading north toward Three Points, Arizona, on Highway 286. Agents in Three Points determined that the license number matched the make, model and color of the car reported by the tipster. The agents then drove south toward Sasabe. The agents came upon the car and followed it for twelve miles. The car appeared to be driving in tandem with a pickup truck. Under the totality of the circumstances, the agents had a particularized, objective basis for stopping Pineda-Anorve's car. See United States v. Ocampo, 937 F.2d 485, 490 (9th Cir.1991) (noting that tandem driving may indicate criminal activity); Alvarez, 899 F.2d at 837 (corroboration of anonymous tip describing suspect and type and location of vehicle provided founded suspicion for the stop of the vehicle).
 
 
 6
 As the agents pulled over the Chevrolet, Pineda-Anorve and the passenger immediately exited the car and began scanning the immediate area, as if to flee. The occupants left the engine running and the door ajar. The Chevrolet's windows were tinted and it was raining. The agents, fearing that Pineda-Anorve and the passenger were about to flee and unable to ascertain whether there were any other occupants in the car, ordered Pineda-Anorve and the passenger to the rear of the car. An agent then leaned into the car to check for additional occupants and to shut off the engine. The agent saw bundles of what appeared to be marijuana on the back seat. At this point, the agents had probable cause to arrest Pineda-Anorve. See United States v. Medina-Gasca, 739 F.2d 1451, 1453 (9th Cir.1984) ("Founded suspicion to stop for investigatory detention may ripen into probable cause to arrest through the occurrence of facts or incidents after the stop.").
 
 
 7
 Pineda-Anorve also contends that the agents lacked probable cause to arrest him when they ordered him to stand in the rear of the Chevrolet at gunpoint. It is unclear whether the officers had drawn their weapons, however, the district court found that this fact did not convert the stop into an arrest because Pineda-Anorve and the passenger had exited the Chevrolet and were approaching the agents. The district court held that Pineda-Anorve was not under arrest until after the agents had seen the marijuana in the car. We agree. See Alvarez, 899 F.2d at 838-39 (holding that investigatory stop was not an arrest even though police approached suspects with guns drawn and ordered occupants out of car); United States v. Buffington, 815 F.2d 1292, 1300 (9th Cir.1987) (holding that investigatory stop was not an arrest where police forced suspects to exit vehicle and lay on pavement at gunpoint).
 
 Accordingly, Pineda-Anorve's conviction is
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court incorrectly referred to the town as Sonoita, Arizona