142 F.3d 446
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Alberto NUNEZ-AGUILAR, Defendant-Appellant.
 No. 97-10022.
D.C. No. CR-95-00357-JMR.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted, November 4, 1997.
Decided April 30, 1998.
 
 1
 Appeal from the United States District Court for the District of Arizona, John M. Roll, District Judge, Presiding.
 
 
 2
 Before BOOCHEVER and KLEINFELD, Circuit Judges, WILSON**, District Judge.
 
 
 3
 MEMORANDUM*
 
 A. Exclusion of Expert Testimony
 
 4
 The district court did not abuse its discretion in excluding the expert testimony of Dr. Artiola. Nunez argued before the district court and in his briefs before us that Dr. Artiola's testimony would focus "on the issue of the voluntariness of [Nunez's] incriminating statements." Appellant's Opening Brief, 18. United States v. Chischilly, 30 F.3d 1144 (9th Cir.1994), controls this issue. In Chischilly we held that "[w]here the record lacks evidence of either physical or psychological coercion by law enforcement officials, the defendant's mental capacity is irrelevant to the due process inquiry into the voluntariness of the confession." Id . at 1151 (emphasis added). Chischilly followed Colorado v. Connelly, 479 U.S. 157, 167, 107 S.Ct. 515, 93 L.Ed.2d 473 (1986), which held that "coercive police activity is a necessary predicate to the finding that a confession is not 'voluntary' ".
 
 
 5
 Nunez's attempts to distinguish Chischilly are not persuasive. United States v. Smith, 638 F.3d 131 (9th Cir.1981), came down before Connelly and Chischilly, so to the extent that it differs, it is no longer good law. Crane v. Kentucky, 476 U.S. 683, 106 S.Ct. 2142, 90 L.Ed.2d 636 (1986), is not on point because it involved misconduct and coercion by the police. There was no coercion or misconduct on the part of law enforcement officials in Nunez's case.
 
 
 6
 B. Collateral Attack on Nunez's Prior Deportation
 
 
 7
 Nunez never requested a change of venue during his prior deportation hearing, so his argument that the hearing should have been held in California rather than Arizona cannot invalidate that deportation. United States v. Jimenez-Marmolejo, 104 F.3d 1083, 1085 (9th Cir.1996) (defendant "did not move for a change of venue," and therefore "the immigration judge could not have granted such a change").
 
 
 8
 Although Nunez's 1992 Order of Deportation has a check in the box next to "The Service/Respondent have/has waived appeal," we assume for purposes of this appeal that his waiver of appeal was not valid. United States v. Lopez-Vasquez, 1 F.3d 751, 753 (9th Cir.1993); Cf. Jimenez-Marmolejo, 104 F.3d at 1085.
 
 
 9
 Nunez must also establish that he was prejudiced. "[I]n spite of any violation of the alien's due process rights, the deportation order may still be used to prove an element of [8 U.S.C. § 1326] if the alien fails to show prejudice resulting from the violation." United States v. Leon-Leon, 35 F.3d 1428, 1431 (9th Cir.1994). "[T]he burden of proving prejudice" is on the defendant. United States v. Proa-Tovar, 975 F.2d 592, 595 (9th Cir.1992) (en banc). Nunez has not met this burden. Nunez had nothing to appeal. Due to his criminal record, Nunez could not argue that there were "plausible grounds for [discretionary] relief" from deportation in his case. Jimenez-Marmolejo, 104 F.3d at 1086. He could not appeal lack of counsel or lack of the opportunity to present evidence because the immigration judge offered Nunez the opportunity to retain counsel and present evidence and Nunez declined both.
 
 C. Exclusion of Family History Affidavits
 
 10
 We review exclusion of evidence under the hearsay rule for abuse of discretion. United States v. Matta-Ballesteros, 71 F.3d 754, 767 (9th Cir.1995). We assume for purposes of this appeal that the district court abused its discretion in excluding affidavits by Nunez's father and grandfather attesting to his alleged birth in California. Federal Rule of Evidence 804(b)(4) provides that a declarant's statement about another's birth is not hearsay if the declarant is unavailable and related to the other by blood. See United States v. Hernandez, 105 F.3d 1330, 1332 (9th Cir.1997); but see United States v. Medina-Gasca, 739 F.2d 1451, 1454 (9th Cir.1984). The government's argument, that unreliability of affidavits prepared for litigation justified exclusion, founders on the Advisory Committee Note:
 
 
 11
 Exception (4). The general common law requirement that a declaration [about family history] must have been made ante litem motam has been dropped as bearing more appropriately on weight than admissibility.
 
 
 12
 Any error in excluding the affidavits was nevertheless harmless, because the evidence that Nunez was not an American citizen was overwhelming. Nunez was caught entering the country early in the morning in a very suspicious manner in a car full of illegal aliens, all of whom, including Nunez, admitted to being Mexican citizens. Later that same morning, he told a border patrol agent that he was born in Mexico and was not a U.S. citizen. His "A-file" examined at trial showed that he had admitted to INS officials on five different occasions to being a Mexican citizen born in Tijuana, Mexico. It is hard to imagine any jury believing that Nunez was an American citizen, in the face of such extensive conduct implying that he was not and so many express admissions by Nunez that he was not.
 
 
 13
 At trial Nunez's mother testified that he was born in the U.S. Given its verdict, the jury obviously did not believe what she said. The proposition that they would have been persuaded, had they only seen the affidavits prepared for litigation by Nunez's father and grandfather, lacks any persuasive force in the face of Nunez's conduct and admissions.
 
 D. Prosecutorial Misconduct
 
 14
 We review prosecutorial misconduct in the entire context of trial, and reversal is justified only when such conduct denied the defendant a fair trial. United States v. Christophe, 833 F.2d 1296, 1300-01 (9th Cir.1987). "Even if misconduct occurred, reversal is warranted only if it is more probable than not that the misconduct materially affected the verdict." Id. at 1301.
 
 
 15
 The prosecutor's questioning of Nunez's mother about her applications for resident status did not constitute prosecutorial misconduct. Such a line of inquiry was "invited" by the mother's testimony on direct examination that she did not like to deal with INS authorities and was "ignorant" about how to get a birth certificate for her son. See United States v. de Cruz, 82 F.3d 856, 863 (9th Cir.1996). Also, immediately after these questions the district court gave "curative instructions." Id.
 
 
 16
 Nor did the prosecution's closing rebuttal comments--"if there had been any records at all in California to prove [Nunez's] birth, they would have been presented to you"--amount to misconduct. Nunez's attorney admitted these very facts earlier during her closing arguments--"[w]e have no birth certificate that he was born in California," so the prosecutor's comments on this issue were not misconduct. If any of the prosecutor's remarks might be considered inappropriate, the inappropriateness was cured by the judge's curative admonitions and instructions. The prosecutor's challenged comments did not constitute an integral part of his overall strategy, and the case was not close. See de Cruz, 82 F.3d at 863.
 
 
 17
 E. District Court's Refusal to Hold a Declaratory Action
 
 
 18
 Nunez's argument that the district court erred in refusing to hold a declaratory action on the issue of his citizenship is without merit. The indictment was sufficient on its face. The issue of his citizenship was a question for the jury. See United States v. Jensen, 93 F.3d 667, 669 (9th Cir.1996) (holding that "[t]here is no summary judgment procedure in criminal cases" and "the rules do not provide for a pre-trial determination of the evidence").
 
 F. The Henthorn Issue
 
 19
 The prosector and district court complied with the procedures outlined in United States v. Henthorn, 931 F.2d 29 (9th Cir.1991). The district court wanted to see "anything that is even arguably discoverable under Henthorn. " TP 7/16/96 at 30. Officer Johnson's records showed that he had been charged with a "conflict of interest" transgression, and the district court directed the prosecutor to find additional information on this charge. Id. at 33. The prosecutor did, and found that this issue had been resolved in Officer Johnson's favor. Id. at 115. Therefore, no Henthorn violation occurred in this case.
 
 
 20
 AFFIRMED.
 
 
 
 **
 The Honorable Stephen V. Wilson, United States District Judge for the Central District of California, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3