**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Tamara Shana WASHINGTON,**
**Defendant–Appellant.**

No. 02–50305.

D.C. No. CR–01–03559–BTM.

United States Court of Appeals,
Ninth Circuit.

Submitted April 8, 2003.*

Decided April 21, 2003.

Before BEEZER, FERNANDEZ, and PAEZ, Circuit Judges.

MEMORANDUM**

Tamara Shana Washington appeals her conviction and sentence for importation of marijuana and possession of marijuana with intent to distribute. *See* 21 U.S.C. §§ 841(a)(1), 952, 960. We affirm.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

(1) Washington asserts that the evidence was insufficient to establish that she knew that her car was laden with marijuana when she tried to drive it into the United States from Mexico. We disagree. Clear it is that a rational juror could find the essential elements of the crime beyond a reasonable doubt. *See United States v. Yoshida,* 303 F.3d 1145, 1149 (9th Cir. 2002). The evidence was more than sufficient to allow the jury to infer knowledge. *See United States v. Hursh,* 217 F.3d 761, 767–68 (9th Cir.2000); *United States v. Quintero–Barraza,* 78 F.3d 1344, 1351–52 (9th Cir.1995); *United States v. Haro–Portillo,* 531 F.2d 962, 963 (9th Cir.1976). Similarly, there was ample evidence that Washington possessed the marijuana which was found in the tires of her car. *See United States v. Whitehead,* 200 F.3d 634, 639 (9th Cir.2000); *Quintero–Barraza,* 78 F.3d at 1352; *United States v. Rubio–Villareal,* 927 F.2d 1495, 1499 (9th Cir. 1991).

(2) Washington also claims that the district court improperly enhanced her sentence on the basis that she had obstructed justice through perjury. *See* USSG § 3C1.1.[1] We, again, disagree. Perjury certainly is an obstruction of justice within the meaning of the Guidelines. *Id.* at comment. (n.4b). On this record the district court could certainly find, as it did, that she willfully intended to give false testimony under oath regarding a material matter. *See United States v. Dunnigan,* 507 U.S. 87, 95, 113 S.Ct. 1111, 1117, 122 L.Ed.2d 445 (1993); *United States v. Jimenez,* 300 F.3d 1166, 1170 (9th Cir.2002). Indeed, it could fairly be said that only a muckle fool would fail to see her factitious story for what it was.

AFFIRMED.

---

**1.** All references are to the version of the Guidelines effective November 1, 2001.

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.