UNITED STATES of America, Plaintiff–Appellee,

v.

Eduardo FRANCO–MUNOZ, Defendant–Appellant.

No. 90–50565.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 4, 1991.

Memorandum Filed July 3, 1991.

Order and Opinion Filed Dec. 31, 1991.

Timothy Coughlin and Paul Cook, Asst. U.S. Attys., San Diego, Cal., for plaintiff-appellee.

Robert L. Swain, Federal Defenders of San Diego, Inc., San Diego, Cal., for defendant-appellant.

Before NORRIS, HALL and TROTT, Circuit Judges.

## ORDER

Appellant's Petition for Rehearing and Suggestion for Rehearing En Banc filed on August 2, 1991 is ordered REJECTED as untimely.

The memorandum disposition filed on July 3, 1991, 936 F.2d 580, and accompanying dissent by Judge Norris, is designated as an authored opinion by Judge Trott, with the addition of Section I to display the facts.

## OPINION

TROTT, Circuit Judge:

Appellant, convicted of possessing a controlled substance with intent to distribute (214 lbs. of marijuana), appeals the denial of his motion to suppress evidence seized after an investigatory stop by U.S. Border Patrol agents. We agree with the government that the agents had the "reasonable suspicion" necessary to justify the stop, and therefore affirm the district court's denial of the motion to suppress.

### I

On January 23, 1990, uniformed United States Border Patrol agents in a marked Border Patrol sedan were observing an area near El Centro, California that according to the record is notorious for alien smuggling: Interstate 8 at Jeffrey Road. Their shift ran from 8:00 a.m. to 4:00 p.m.

At approximately 4:45 p.m.—near a shift change—a Ford Taurus driven by appellant passed the agents' location. The agents' attention was drawn to the vehicle because, unlike most drivers passing the location who acknowledged the visible Border Patrol's presence with a wave or a honk, appellant did not acknowledge the Patrol's presence and drove by staring straight ahead. Because of this behavior, and because appellant appeared to be Hispanic, the Patrol pulled out and followed his car. While observing the vehicle, the agents noticed a Hertz rental car sticker in the rear window. Agent Vandekop testified it was "common knowledge to border patrol agents that rental cars are used for alien smuggling, sometimes." Agent Vandekop also testified that 4:45 p.m. had significance because "it's near a shift change and there's a lot of smuggling that goes on during shift change." To the agents, the car "appeared to be heavily laden. When it hit a bump, it would—it was real sluggish, the action of the suppression was real sluggish, rather than crisp."

The agents then pulled in behind the appellant and observed his behavior. They could see him watching them as he glanced back and forth between his rear view and his sideview mirrors.

Based on the totality of these observances, the agents believed they had "enough reason to stop his vehicle and question him to his citizenship." Just that morning they had made a similar stop and arrested an illegal alien.

Appellant was pulled over without incident, and after the officers observed his nervous behavior and detected an "overpowering" odor of air freshner in the area of the trunk—a tactic used by smugglers to "cover up the odor of marijuana"—appellant was asked for permission to search the trunk. He consented, and 214 pounds of marijuana was found, with the help of a dog, in four new suitcases.

■ We review de novo whether reasonable suspicion existed for the investigatory stop. *United States v. Hernandez–Alvarado*, 891 F.2d 1414, 1416 (9th Cir.1989).

## II

■ The issue in this appeal is whether the factors cited by the government to support the agents' decision to stop appellant's car amount to "reasonable suspicion," which we have characterized as "specific, articulable facts which, together with objective and reasonable inferences, form a basis for suspecting that the particular person detained is engaged in criminal activity." *Hernandez–Alvarado*, 891 F.2d at 1416 (citing *United States v. Cortez*, 449 U.S. 411, 416–418, 101 S.Ct. 690, 694–695, 66 L.Ed.2d 621 (1981)). "Reasonable suspicion" is less than probable cause. *United States v. Brignoni–Ponce*, 422 U.S. 873, 880, 95 S.Ct. 2574, 2579, 45 L.Ed.2d 607 (1975). Moreover, the facts used to establish "reasonable suspicion" need not be inconsistent with innocence.

■ The government cites the following facts, known to the agents, which it argues provide the requisite degree of suspicion:

(1) the area where the car was stopped was frequently used to transport illegal aliens, described by Agent Vandekop as "notorious for alien smuggling";

(2) appellant, who was alone in the car, did not acknowledge the agents' presence as he passed their parked patrol car;[1]

(3) appellant's car had a car rental agency sticker on it;

(4) appellant was stopped at 4:45 p.m., near a change of patrolmen shift. Agent Vandekop testified "there's a lot of smuggling that goes on during shift change";

(5) while following appellant approximately six car lengths behind, appellant looked at the patrol car in his rear view mirror and his side view mirror several times;

(6) although there was only one person in the car, it appeared to be "heavily laden," from the way it responded to bumps in the road. Agent Vandekop testified the car suspension was "real sluggish";

(7) appellant appeared to the agents to be of Hispanic origin.

In support of its position, the government cites *United States v. Bugarin–Casas*, 484 F.2d 853 (9th Cir.1973), *cert. denied*, 414 U.S. 1136, 94 S.Ct. 881, 38 L.Ed.2d 762 (1974), in which this court upheld an investigatory stop made on the basis of similar factors. In *Bugarin–Casas*, the cited factors were as follows: "[Bugarin's Mexican appearance], the fact that he was alone, the fact that the car was riding low (particularly unusual in that there was only one visible passenger), and the fact that the agents knew that the model car Bugarin was driving was of the sort that had been used to secrete aliens in a floor compartment over the rear axle." 484 F.2d at 855. The government argues that *Bugarin* controls this case.

Appellant argues that this case is controlled by *Hernandez–Alvarado, supra,* in which the court struck down an investigatory stop, again made under similar circumstances. In *Hernandez–Alvarado*, the officers' suspicions were aroused by several factors, the most significant of which were identified by the court as follows: "(1) the nervous demeanor of both the defendant and his passengers as they sat in the truck; (2) the reduction in speed from 65 to 55 m.p.h. [upon being overtaken by the police car]; (3) the presence of a two-way antenna on the trunk of the vehicle; (4) defendant's residence in a neighborhood on the U.S.–Mexican border which was under investigation for narcotics activity; (5) the license plate bracket indicating that the car had been purchased from a dealership associated with drug trafficking; and (6) the size of defendant's trunk."[2] 891 F.2d at 1418. We held that these factors did not create a reasonable suspicion that illegal activity was afoot, because they described too many individuals. *Id.* at 1418–19.

---

1. The agents were parked in a marked Border Patrol car beside the road. One of the agents testified that drivers generally acknowledge the patrolmen's presence in this type of situation.

2. The agents obtained the defendant's address from a registration check they ran on the car. The trunk was evidently not modified in any way; the agent was evidently referring to the large trunk featured by all cars of that particular model.

We believe the facts in this case to be closer to those in *Bugarin–Casas* than to those in *Hernandez–Alvarado*.[3] Factors one through seven, when taken together, paint a picture that would create in the mind of a trained border patrol agent a reasonable suspicion that the driver was engaged in criminal activity. Our conclusion in this regard is informed by the Supreme Court's statement in *Brignoni–Ponce*, to the effect that "[i]n all situations, the officer is entitled to assess the facts in light of his experience in detecting illegal entry and smuggling." 422 U.S. at 885, 95 S.Ct. at 2582.

The judgment of conviction is AFFIRMED.

**WILLIAM A. NORRIS, Circuit Judge, dissenting:**

While I believe this to be a close case, I cannot agree with the majority that the agents had the requisite "reasonable suspicion" necessary to justify the stop. I therefore dissent.

I believe that the facts of this case are closer to those in *Hernandez–Alvarado*, where we held that the facts cited by the police described too many innocent persons to give rise to reasonable suspicion, than to those in *Bugarin–Casas*. Of the seven facts cited by the majority,[1] facts one, two, three, four and seven, when taken together, paint a completely innocent picture: that of a Hispanic-looking individual driving a rental car in the middle of the day on a public road, and failing to acknowledge the presence of two Border Patrol agents sitting in their car on the side of the road.[2]

To this picture are then added facts five and six, appellant's conduct as the officers followed him, and the response of his auto's suspension to bumps and seams in the road, which suggested to the agents that the car was either heavily laden or had weak shock absorbers or a different suspension system.

These facts, while perhaps more probative of reasonable suspicion, do not tilt the balance of the entire picture sufficiently to distinguish this case from *Hernandez–Alvarado* or bring it under the holding of *Bugarin–Casas*. Indeed, in *Hernandez–Alvarado* the defendant acted quite similarly to the way appellant acted. *See Hernandez–Alvarado*, 891 F.2d at 1415 (when officer pulled alongside defendant's vehicle, defendant looked at officers, then quickly turned attention back to road; all occupants of defendant's vehicle "were sitting in a rigid and uptight manner"; as officers followed behind vehicle, defendant looked in rear view mirror several times).

As far as the car being heavily loaded is concerned, the government's attempt to rely on *Bugarin–Casas* is misplaced. First, in *Bugarin–Casas* the officers noted that the car was actually riding low, a fact strongly suggesting a heavy load, while in our case one of the agents conceded that the reaction of appellant's car to road conditions was explainable by means other than a heavy load. Perhaps even more importantly, the officers in *Bugarin–Casas* knew that the model car they were observing had an unusual floor compartment in which illegal aliens had been found in the past. Thus, the picture facing the officers in that case was one of an individual driving a car with a relatively unusual floor compartment, which was riding low despite the fact that only one person was visible in the car. The *Bugarin–Casas* picture is far different from that confronting the officers in this case: an individual driving a car

---

**3.** We examine the totality of the picture facing the officers, and do not base our conclusion on the probative value of the factors considered individually. *See, e.g., Hernandez–Alvarado*, 891 F.2d at 1416.

**1.** Courts must examine the totality of the picture facing the officers, and not base their conclusions on the probative value of the factors, considered individually. *See, e.g., Hernandez*, 891 F.2d at 1416. However, in constructing this

picture it is useful to consider what the individual factors add to the whole picture.

**2.** It is true that in *United States v. Brignoni–Ponce*, the Supreme Court held that an individual's Latin appearance may be considered as one factor in justifying a stop. 422 U.S. 873, 887, 95 S.Ct. 2574, 2583, 45 L.Ed.2d 607 (1975). However, the factors considered up to this point, including appellant's apparent ethnicity, do not present a picture of reasonable suspicion.

with no known unusual storage areas, not riding low.

In sum, I consider these facts insufficient to warrant reliance on *Bugarin–Casas'* holding that reasonable suspicion existed, especially given our opposite conclusion in *Hernandez–Alvarado*, whose facts are more analogous to those before us in this case.