59 F.3d 177
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Lorenzo TREVINO, Defendant-Appellant.
 No. 94-10334.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 6, 1995.*
Decided June 12, 1995.
 
 Before: O'SCANNLAIN, LEAVY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lorenzo Trevino appeals his conviction, following entry of a conditional guilty plea, to possession with intent to distribute marijuana in violation of 21 U.S.C. Sec. 841(a)(1) and (b)(1)(C). Trevino contends the district court erred by denying his motion to suppress evidence seized from his vehicle because police officers lacked: 1) reasonable suspicion to justify the investigatory stop of Trevino's vehicle; and 2) probable cause to search the vehicle. We have jurisdiction under 28 U.S.C. Sec. 1291. We affirm.
 
 
 3
 We review the district court's decision on a motion to suppress de novo and the its factual findings for clear error. United States v. Rodriguez-Sanchez, 23 F.3d 1488, 1492 (9th Cir.1994).
 
 
 4
 * Investigatory Stop of Vehicle
 
 
 5
 A police officer may conduct an investigatory stop of a vehicle if the officer has an articulable suspicion that the occupant "has committed or is about to commit a crime." United States v. Hall, 974 F.2d 1201, 1204 (9th Cir.1992) (citing Terry v. Ohio, 392 U.S. 1, 30 (1968). In determining whether the officer's suspicion was reasonable, we consider the totality of the circumstances. United States v. Sokolow, 490 U.S. 1, 8 (1989); United States v. Franco-Munoz, 952 F.2d 1055, 1057 (9th Cir.1991), cert. denied, 113 S.Ct. 3015 (1993).
 
 
 6
 The following facts were adduced at the suppression hearing: police officers were conducting routine surveillance along a highway on the Tohono O'Odham Indian Reservation which was known to be utilized by drug traffickers. At 4:30 a.m., an officer observed Trevino driving a white Camaro and decided to follow him because there were few vehicles operating in that isolated area at that hour. The officer conducted a license check, and discovered that it matched a license plate number on a Camaro which had been stopped several weeks earlier by a fellow officer. Although no citation was given in that incident, the officer reported that the car's rear seat had been removed, which is common among vehicles involved in drug trafficking.
 
 
 7
 In addition, Trevino's vehicle was observed changing direction several times during the course of surveillance. The vehicle was initially heading southbound, then it proceeded eastbound and slowed down considerably while being followed. Subsequently, the vehicle turned around and headed west, and officers lost sight of it for a time. Finally, another officer observed the vehicle heading northbound, at which point the vehicle was stopped.
 
 
 8
 Here, each factor considered separately would not support a finding of reasonable suspicion. Nonetheless, the late hour, the location, the unusual directional changes and the license plate information gave the officers an objective basis for suspecting the Camaro's occupant of criminal activity. See Rodriguez-Sanchez, 23 F.3d at 1493; Franco-Munoz, 952 F.2d at 1057. Considering the totality of the circumstances, we find that reasonable suspicion supported the investigatory stop. See Rodriguez-Sanchez, 23 F.3d at 1493.
 
 II
 Probable Cause to Search Vehicle
 
 9
 A warrantless search of an automobile must be supported by probable cause. See United States v. Dunn, 946 F.2d 615, 619 (9th Cir.), cert. denied, 502 U.S. 950 (1991). Probable cause exists when an officer is aware of facts which would cause a reasonable person to conclude that evidence of a crime is contained therein. See id. Incriminating evidence in plain view may be seized if the officer did not violate the Fourth Amendment in arriving at that vantage point. See Hall, 974 F.2d at 1204 (citing Texas v. Brown, 460 U.S. 730 (1983)).
 
 
 10
 Here, the officer had a founded suspicion to justify the initial investigatory stop of the vehicle. As the officer approached the vehicle, Trevino got out of the car, and the officer told him to get back in the car. Next, the officer asked Trevino for his license and registration, and Trevino replied that he did not have them in his possession. The officer testified that in order to protect his own safety, he then shined his flashlight into the vehicle. He observed bundles which resembled those containing marijuana in the area of the back seat, which had been removed.
 
 
 11
 Because the officer had reasonable suspicion to conduct the initial investigatory stop, the bundles containing marijuana which he observed in the back seat are admissible under the plain view exception to the warrant requirement. See id. Accordingly, the district court properly denied Trevino's motion to suppress the evidence recovered from the car.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3