60 F.3d 835
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jose ARIAS-MENDEZ, Defendant-Appellant.
 No. 94-30411.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 26, 1995.*
Decided July 3, 1995.
 
 Before: O'SCANNLAIN, LEAVY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jose Arias-Mendez appeals his conviction, following entry of a conditional guilty plea, to aiding and abetting the distribution of heroin in violation of 21 U.S.C. Sec. 841(a)(1) and 18 U.S.C. Sec. 2. Arias-Mendez contends the district court erred by denying his motion to suppress evidence which was discovered as a result of a pretextual traffic stop where police officers lacked reasonable suspicion to justify stopping Arias-Mendez for the narcotics offense. We have jurisdiction under 28 U.S.C. Sec. 1291. We affirm.
 
 
 3
 We review the district court's decision on a motion to suppress de novo and the its factual findings for clear error. United States v. Rodriguez-Sanchez, 23 F.3d 1488, 1492 (9th Cir. 1994).
 
 
 4
 "'A pretextual stop occurs when police officers use a legal justification to make the stop in order to search a person or place, or to interrogate a person, for an unrelated serious crime for which they do not have the reasonable suspicion necessary to support a stop."' United States v. Cannon, 29 F.3d 472, 474 (9th Cir. 1994) (citation omitted); see also United States v. Perez, 37 F.3d 510, 512 (9th Cir. 1994).
 
 
 5
 An officer has reasonable suspicion to justify an investigatory stop of a vehicle when the officer reasonably suspects that the occupant "has committed or is about to commit a crime." United States v. Hall, 974 F.2d 1201, 1204 (9th Cir. 1992) (citing Terry v. Ohio, 392 U.S. 1, 30 (1968). In determining whether the officer's suspicion was reasonable, we consider the totality of the circumstances. United States v. Sokolow, 490 U.S. 1, 8 (1989); United States v. Franco-Munoz, 952 F.2d 1055, 1057 (9th Cir. 1991), cert. denied, 113 S. Ct. 3015 (1993).
 
 
 6
 The following facts were adduced at the suppression hearing: Drug Enforcement Agency ("DEA") agents monitored a narcotics transaction between an undercover DEA agent and Ignacio Gonzalez, along with Gonzalez's partner, whose identity was unknown to the DEA. Gonzalez's partner handed a package containing heroin to the DEA agent in exchange for $ 5,600 cash.
 
 
 7
 After the transaction was complete, Gonzalez drove off with his partner in the front passenger seat and two confidential informants (CI's) in the rear seat. The DEA instructed several Yakima police officers that there was a felony warrant for the arrest of Gonzalez, but that in order to insure the safety of the CI's, the police should stop the vehicle when they had independent reason to do so. The DFA further instructed the police to identify Gonzalez's partner who was unknown to them.
 
 
 8
 Subsequently, Yakima police officers observed that the vehicle's left rear taillight was broken and initiated a traffic stop. The police officer who approached the passenger side noted that the passenger in the front seat, later identified as Arias-Mendez, was not wearing a seatbelt, which is a violation of Washington law. The officer asked Arias-Mendez for identification and Arias-Mendez handed him his wallet, which contained nothing except for eleven dollars. The officer noticed a bulge in Arias-Mendez's trouser pocket, and inquired if that was another wallet. Arias-Mendez then pulled out a large sum of cash which was later determined to be $5,600. The officer then asked if there was anything else he should know about, at which time Arias-Mendez stated that he had several marijuana cigarettes and handed them to the officer. At that point, the officer arrested Arias-Mendez for possession of marijuana.
 
 
 9
 Arias-Mendez contends that even if the officers had reasonable suspicion to justify an investigatory stop of the vehicle, the officer's reasons for contacting him regarding the seatbelt violation was pretextual.
 
 
 10
 First, the district court found that the initial investigatory stop was justified under the circumstances, including the officer's knowledge regarding the narcotics transaction and Gonzalez's outstanding arrest warrant. We agree. Considering the totality of the circumstances, the officers had reasonable suspicion to support the investigatory stop. See Cannon, 29 F.3d at 476 (officer's previous observations and informant's tip constituted reasonable suspicion to stop vehicle where suspected drug dealer was driving with a suspended license); United States v. Fouche, 776 F.2d 1398, 1403 (9th Cir. 1985) (inferences drawn by a trained officer may provide reasonable suspicion to justify an investigatory stop).
 
 
 11
 Next, the district court found that given the justifiable basis for the stop, the officer was entitled to ask for identification from Arias-Mendez "for their own safety ... for the certainty of their identification of the person they are stopping the car over -- lots of good reasons and that's all it took ...." We agree. The officer was entitled to conduct a brief investigatory detention based upon the information about suspected narcotics activities furnished by the DEA. See United States v. Burnette, 698 F.2d 1038, 1047 n.17 (9th Cir.) (officer's detention and questioning of passenger was reasonable when based upon another police department's information regarding a bank robbery), cert. denied, 461 U.S. 936 (1983). The officer's request for identification and subsequent questions relating to Arias-Mendez's wallet and the bulge in his pocket were "reasonably related in scope to the justification for their initiation." Perez, 37 F.3d at 513 (quoting United States v. Brignoni-Ponce, 422 U.S. 873, 881 (1975)).[1] Furthermore, the officer was entitled to broaden his line of questioning when Arias-Mendez's responses raised additional suspicions. See id.
 
 
 12
 Accordingly, the district court did not err by denying Arias-Mendez's motion to suppress.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 In addition, Arias-Mendez's failure to wear a seatbelt is a violation of Washington law, and the officer testified that it is permissible to ask passengers for identification in order to cite them for this violation, and that he has done so in the past. Because a reasonable police officer would have asked the passenger without a seatbelt for identification, Arias-Mendez's argument that such conduct was pretextual must fail. See Cannon, 29 F.3d at 476 (stop was not pretextual because reasonable officer would stop a driver for driving with a suspended license); United States v. Lillard, 929 F.2d 500, 502 (9th Cir. 1991) (stop was not pretextual where officer who suspected defendant of narcotics activities would have stopped the vehicle for speeding anyway)