91 F.3d 156
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Tomas NAVARRO-GARCIA, Defendant-Appellant.
 No. 95-50430.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 25, 1996.*
Decided June 28, 1996.
 
 Before: NOONAN, LEAVY, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Tomas Navarro-Garcia appeals his conviction following the entry of a conditional guilty plea to transporting illegal aliens, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii). Navarro-Garcia contends that the district court erred by finding that Border Patrol Agents had reasonable suspicion to stop his truck. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 We review de novo a trial court's determination of the existence of reasonable suspicion. Ornelas v. United States, 116 S.Ct. 1657, 1662 (1996); accord United States v. Rodriguez-Sanchez, 23 F.3d 1488, 1492 (9th Cir.1994).
 
 
 4
 A law enforcement officer may conduct an investigatory stop of a vehicle if the officer has an articulable suspicion that the occupant "has committed or is about to commit a crime." United States v. Hall, 974 F.2d 1201, 1204 (9th Cir.1992) (citing Terry v. Ohio, 392 U.S. 1, 30 (1968)). In determining whether the officer's suspicion was reasonable, we consider the totality of the circumstances. United States v. Sokolow, 490 U.S. 1, 8 (1989); United States v. Franco-Munoz, 952 F.2d 1055, 1057 (9th Cir.1991), cert. denied, 509 U.S. 911 (1993).
 
 
 5
 Border Patrol Agent Sylvia observed Navarro-Garcia's truck traveling away from the Mexican border along a freeway frequented by alien smugglers, during the morning rush hour, a time when alien smugglers often travel. Sylvia saw a bamboo mat in the truck bed that appeared to be covering several people, judging from the shape of the objects under the mat and the height of the mat from the bed of the truck. In the past six months Sylvia had seen numerous instances of aliens being smuggled under blankets, plywood, or grass and bamboo mats. Border Patrol Agent Natera, who saw the truck pass his car, thought that Navarro-Garcia, the driver of the truck, appeared "tense and nervous." Natera pulled up behind the truck and saw the top of a person's head in the passenger seat, "as if someone were attempting to hide."
 
 
 6
 We disagree with Navarro-Garcia that the district court relied on "rote incantations," incredulous statements, or mere hunches by the Border Patrol Agents to justify the stop. Cf. United States v. Garcia-Camacho, 53 F.3d 244, 246-48 (9th Cir.1995) (broad profile that can apply to entire categories of people without individualized suspicion cannot support reasonable suspicion); United States v. Rodriquez, 976 F.2d 592, 594 (9th Cir.1992) (factors and observations that can apply to "a generality of persons" cannot support reasonable suspicion), modified, 997 F.2d 1306 (9th Cir.1993).
 
 
 7
 The district court gave, and we also give, most weight to factors and observations "which are not easily susceptible to ... rote recitations." Rodriguez-Sanchez, 23 F.3d at 1493. Sylvia's observation of what appeared to be people hiding under a mat in the back of the truck, coupled with his past experiences, the time of day, and the truck's direction of travel would arouse a reasonable officer's suspicions. Natera's further observation that the passenger was trying to hide supports the agents' conclusion that the truck was being used to transport aliens. Although the agents relied on some observations that are consistent with innocent activities, the totality of the circumstances, including the agents' previous experiences, support reasonable suspicion. See Sokolow, 490 U.S. at 7-8; Rodriguez-Sanchez, 23 F.3d at 1493; Franco-Munoz, 952 F.2d at 1057-58.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3