91 F.3d 156
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Miguel Angel GOMEZ, Defendant-Appellant.
 No. 94-50372.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 14, 1995.
Decided July 2, 1996.
 
 1
 Before: HALL and NOONAN, Circuit Judges, and SHUBB,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Miguel Angel Gomez was convicted of arson for setting fire to an apartment building using a molotov cocktail. He appeals his jury conviction and sentence for arson under 18 U.S.C. § 844(i)), use of a firearm during a crime of violence under 18 U.S.C. § 924(c), and possession of a destructive device, under 26 U.S.C. § 5861(d). Gomez asserts two claims: (1) the district court's imposition of consecutive terms of imprisonment for arson and use of a firearm during a crime of violence violated his rights against double jeopardy, and (2) the district court erred when it denied Gomez's motion to suppress evidence obtained pursuant to his arrest because the arrest was not supported by probable cause.
 
 
 4
 As to the first claim, this circuit has clearly held that Congress intended 18 U.S.C. §§ 844(i) and 924(c) as cumulative punishments for violent crimes committed with firearms, such as the molotov cocktail used here. Therefore, the district court did not err when it sentenced Gomez to consecutive terms of imprisonment.
 
 
 5
 As to Gomez's second claim, the initial detention by the police was not an arrest, but instead was a valid investigatory stop supported by reasonable suspicion. The police did not arrest Gomez until six minutes later when they had determined more fully what had happened, and had gained sufficient probable cause to support the arrest. Thus, the district court did not err by admitting Gomez's incriminating statements or the evidence acquired as the fruit of his statements.
 
 
 6
 * The Double Jeopardy Clause of the Fifth Amendment protects a criminal defendant from successive prosecutions or multiple punishments for the same offense. United States v. Dixon, 113 S.Ct. 2849, 2855 (1993). Even if two statutes define the same offense, however, cumulative punishments may be imposed under both statutes if Congress so intended. Missouri v. Hunter, 459 U.S. 359, 368-69 (1982).
 
 
 7
 Gomez was convicted under Section 844(i), for damaging or destroying a building "by means of fire or an explosive." He was also convicted under Section 924(c), which imposes criminal penalties for using a firearm in relation to any crime of violence "including a crime of violence ... which provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device."[1]
 
 
 8
 Gomez argues that by punishing him under both statutes the court punished him twice for the use of an explosive during commission of a crime of violence. The Sentencing Guidelines that apply to Section 924(c) indicate that when the predicate crime of violence includes an enhanced penalty for use of a firearm, the court should not apply that penalty in addition to the penalty under Section 924(c). U.S.S.G. § 2K2.4 application note 2. Because Section 844(i) imposes no enhanced penalty for the use of the explosive, Gomez claims that the statutory penalty already takes into account the use of the molotov cocktail. Therefore, he argues, he may not constitutionally be penalized under both statutes.
 
 
 9
 However, we have expressly held that punishment under 844(i) may be imposed cumulatively with punishment under 924(c), with no double jeopardy violation. United States v. Mathews, 36 F.3d 821, 823 (9th Cir.1994) (holding that Congress intended to punish the use of a bomb to destroy a building under 844(i) and, cumulatively, to add punishment for using the bomb under 924(c)). Furthermore, several courts have held that Congress intended punishment under 924(c) to be cumulative with the punishment for the underlying offense, even when an element of the underlying offense is use of a firearm. See, e.g., United States v. Blocker, 802 F.2d 1102 (9th Cir.1986) (holding that double jeopardy does not preclude cumulative punishment under 924(c) and the armed bank robbery statute); United States v. Singleton, 16 F.3d 1419 (5th Cir.1994) (holding that punishment under 924(c) may be imposed cumulatively with punishment under the federal carjacking statute, which requires use of a firearm).
 
 
 10
 We are bound by this precedent to hold that the district court did not err in imposing successive terms of imprisonment under 18 U.S.C. §§ 844(i) and 924(c).
 
 II
 
 11
 Gomez also argues that when the police initially stopped him, they arrested him without probable cause. Therefore, the confession they obtained after taking him to the police station should be suppressed as the fruit of an illegal arrest.
 
 
 12
 The police claim, however, that the initial stop was an investigative detention, as authorized by Terry v. Ohio, 392 U.S. 1, 22 (1968). A valid Terry stop must be supported by "reasonable suspicion"--"specific articulable facts which, together with objective and reasonable inferences, form a basis for suspecting that the particular person detained" has committed a crime. United States v. Franco-Munoz, 952 F.2d 1055, 1057 (9th Cir.1991), cert. denied, 113 S.Ct. 3015 (1993). Whether a detention is a custodial arrest or an investigative stop depends on the totality of the circumstances. Allen v. City of Los Angeles, No. 94-55560, slip op. 12063, 12071 (9th Cir. Sept. 25, 1995); United States v. Parr, 843 F.2d 1228, 1231 (9th Cir.1988).
 
 
 13
 No bright line rule delineates the difference between an investigatory stop and an arrest, but a Terry stop does not become an arrest simply because the police use physical force to restrain the detainee. This Court has held that police officers may use reasonable methods to protect themselves and others in potentially dangerous situations. United States v. Alvarez, 899 F.2d 833, 838 (9th Cir.1990), cert. denied, 498 U.S. 1024 (1991). Thus, we have upheld as reasonable a variety of physical means of restraint employed during Terry stops. See, e.g., Allen, slip op. at 12069 (no arrest when detainee ordered out of car at gunpoint, handcuffed, frisked, and detained for 24 minutes before being released); Alvarez, 899 F.2d at 838 (no arrest when defendant ordered out of car at gunpoint); Parr, 843 F.2d at 1231 (placing defendant in patrol car does not constitute arrest); United States v. Taylor, 716 F.2d 701, 708-09 (9th Cir.1983) (no arrest when suspect stopped at gunpoint, ordered to lie face down in a ditch, handcuffed, and frisked). In addition, the police may permissibly move a suspect during a Terry stop without converting it into an arrest. See Eberle v. City of Anaheim, 901 F.2d 814, 819 (9th Cir.1990).
 
 
 14
 When the police initially stopped Gomez they noted that he smelled of gasoline. Then they handcuffed him, placed him in a patrol car and drove him back to the scene of the explosion. Once they arrived at the scene the police found out that the fire had been started by a molotov cocktail made with gasoline. Also, one of the people who had been in the apartment when the fire started saw Gomez in the police car and identified him as someone he had fought with earlier that day.
 
 
 15
 The parties dispute whether the police arrested Gomez when they initially stopped him or whether they arrested him six minutes later, after he was identified. Under these circumstances, we hold that the initial stop was not an arrest, but was a Terry investigatory stop, and that it was supported by reasonable suspicion. Officer Meredith had heard a sound that he thought was a gunshot (and which was in reality the explosion caused by Gomez's molotov cocktail). He then saw Gomez running from the direction from which he heard the sound, and he gave chase. Meredith repeatedly called for Gomez to stop, but he continued to run. Meredith radioed ahead to other officers on the scene, who finally stopped Gomez after he ran for several blocks and climbed over a wall and a fence. At the very least, when they stopped Gomez the police had a good faith reasonable suspicion that he may have been involved in a shooting. Thus, they were justified in detaining him while they determined what had happened.
 
 
 16
 We conclude that, considering the totality of the circumstances, the police were justified in stopping Gomez at gunpoint, handcuffing him, placing in the patrol car and driving him a short distance back to the scene of the explosion. These actions were not unreasonable for a Terry stop and did not amount to an arrest. When police formally arrested Gomez six minutes after the initial stop, the arrest was supported by probable cause. Thus, the district court did not err when it admitted the evidence derived from that arrest.
 
 III
 
 17
 Ninth Circuit precedent holds that Congress intended courts to impose punishment under 18 U.S.C. § 924(c) cumulatively with the punishment for the underlying offense. We therefore affirm the district court's decision to sentence Gomez to successive terms of imprisonment under 18 U.S.C. §§ 844(i) and 924(c).
 
 
 18
 In addition, we affirm the district court's decision to admit evidence obtained as a result of Gomez' arrest. When police initially stopped Gomez, they were conducting a valid Terry stop, not an arrest. When they arrested Gomez six minutes later, that arrest was supported by probable cause. Therefore, Gomez' Fourth Amendment rights were not violated.
 
 
 19
 AFFIRMED.
 
 
 
 *
 Hon. William B. Shubb, United States District Judge for the Eastern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The molotov cocktail Gomez used to start the fire is a "destructive device" under the definition given in 18 U.S.C. § 921(a)(4) and, therefore, is a firearm for purposes of Section 924(c)