110 F.3d 70
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Israel ARELLANES-GONZALEZ, Defendant-Appellant.
 No. 96-50252.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 7, 1997.
Decided March 31, 1997.
 
 Before: SCHROEDER, WIGGINS, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Israel Arellanes-Gonzalez ("Arellanes") appeals from his conviction on transportation of illegal aliens in violation of 8 U.S.C. § 1324(a)(1)(A)(ii). Arellanes argues that the district court erroneously denied his motion to suppress physical and testimonial evidence obtained as a result of the stop of his van. We affirm.
 
 We have stated:
 
 3
 Border Patrolmen roving near the border can make an investigative stop 'only if they are aware of specific articulable facts, together with rational inferences from those facts, that reasonably warrant suspicion that the vehicles contain aliens who may be illegally in the country.
 
 
 4
 United States v. Pulido-Santoyo, 580 F.2d 352, 354 (9th Cir.1978) (quoting United States v. Brignoni-Ponce, 422 U.S. 873, 877 (1975)). Arellanes contends that Agent Rios lacked a sufficient basis for stopping his van.
 
 
 5
 We reject Arellanes' contention. The determination whether reasonable suspicion exists must be based on the "totality of circumstances--the whole picture." United States v. Santamaria-Hernandez, 968 F.2d 980, 983 (9th Cir.1992). Under the totality of circumstances in this case, Agent Rios had a reasonable suspicion justifying his investigatory stop.
 
 
 6
 The incident occurred near the time of a Border Patrol shift change. See United States v. Franco-Munoz, 952 F.2d 1055, 1057 (9th Cir.1991), cert. denied, 509 U.S. 911 (1993). Frink Road was a known bypass route used by alien smugglers to avoid the Highway 111 Checkpoint. See United States v. Medina-Gasca, 739 F.2d 1451, 1453 (9th Cir.1984). The van appeared heavily laden and the driver seemed to have difficulty controlling it. See Franco-Munoz, 952 F.2d at 1057. Although being registered in Los Angeles and heading northward, the van exited just before the checkpoint onto the lengthy Frink Road bypass, yet failed to stop at either of the residential communities on that road. See United States v. Rodriguez-Sanchez, 23 F.3d 1488, 1493, (9th Cir.1994).
 
 
 7
 While none of these factors taken alone indicates unlawful activity and would justify an investigatory stop, their combination in the present case provided Agent Rios with sufficient grounds to stop the van Arellanes was driving. See Rodriguez-Sanchez, 23 F.3d at 1493. The district court did not err in denying Arellanes' motion to suppress the evidence.
 
 
 8
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3