120 F.3d 269
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
United STATES of America, Plaintiff-Appellee,
v.
David Delgado-Ballesteros, Defendant-Appellant.
 No. 96-50443.
 United States Court of Appeals, Ninth Circuit.
 June 24, 1997.
Submitted July 22, 1997**
 
 Before: HUG, Chief Judge, KOZINSKI and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 David Delgado-Ballesteros conditionally pled guilty to transportation of illegal aliens in violation of 8 U.S.C. § 1324(a)(1)(A)(ii), preserving his right to this appeal. He appeals the district court's denial of his motion to suppress evidence. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Delgado-Ballesteros argues that the Border Patrol lacked reasonable suspicion to stop his van. We review de novo the district court's determination that the Border Patrol agents had reasonable suspicion to stop Delgado-Ballesteros. Ornelas v. United States, --- U.S. ---, 116 S.Ct. 1657, 1663 (1996).
 
 
 4
 The determination of whether reasonable suspicion exists must be based on the "totality of circumstances--the whole picture." United States v. Santamaria-Hernandez, 968 F.2d 980, 983 (9th Cir.1992). In the context of border searches, the factors to be considered in determining whether reasonable suspicion exists to justify stopping a vehicle include, but are not limited to:
 
 
 5
 1) characteristics of the area; 2) proximity to the border; 3) usual patterns of traffic and time of day; 4) previous alien or drug smuggling in the area; 5) behavior of the driver, including obvious attempts to evade officers; 6) appearance or behavior of the passengers; 7) model and appearance of the vehicle; and 8) officer experience.
 
 
 6
 United States v. Garcia-Barron, Nos. 96-50498/96-50508, slip op. 7439, 7445-46 (9th Cir. June 26, 1997) (citing United States v. Brignoni-Ponce, 422 U.S. 873, 884-885 (1975)).
 
 
 7
 Reasonable suspicion existed for the investigatory stop in this case. The district court found the testimony of the Border Patrol agent credible. He testified to the following facts which previously have been considered relevant in a reasonable suspicion determination: 1) the area in which the stop occurred is notorious for alien smuggling, Brignoni-Ponce, 422 U.S. at 884; 2) the van appeared heavily laden, id. at 885; 3) Delgado-Ballesteros was Hispanic, id.; Franco-Munoz, 952 F.2d 1055, 1057 (9th Cir.1991); 4) the disappearance of other heads from view within the van, Brignoni-Ponce, 422 U.S. at 884; Garcia-Barron, slip op. at 7448; 5) Delgado-Ballesteros travelled through the area near the time of a Border Patrol shift change, Franco-Munoz, 952 F.2d at 1057.
 
 
 8
 The disappearance of others from view distinguishes this case from those cases on which Delgado-Ballesteros relies. See United States v. Garcia-Camacho, 53 F.2d 244, 248 (9th Cir.1995); United States v. Rodriquez, 976 F.2d 592, 595 (9th Cir.1992). Moreover, we have previously held the reasonable suspicion requirement satisfied with less evidence than that presented by this case. See e.q., Franco-Munozn, 952 F.2d at 1057.
 
 AFFIRMED
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3