124 F.3d 213
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Pablo CORONADO-OSUNA, Defendant-Appellant.
 No. 96-10533.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted August 4, 1997.
Decided Sept. 11, 1997.
 
 1
 Appeal from the United States District Court for the District of Arizona, No. CR-96-00305-JMR; John M. Roll, District Judge, Presiding.
 
 
 2
 Before: FLETCHER and REINHARDT, Circuit Judges, and WARDLAW,** District Judge.
 
 
 3
 MEMORANDUM*
 
 
 4
 Appellant Pablo Coronado-Osuna ("Osuna") appeals the denial of his motion to suppress evidence seized as a result of an investigatory vehicle stop. He argues that the Border Patrol did not have reasonable suspicion to stop the vehicle in which he was riding on Frontier Road, Arizona, approximately 10 miles north of the Mexican border, at 11:30 a.m. on April 11, 1996.
 
 
 5
 We review the ultimate legal determination of the presence or absence of reasonable suspicion de novo. Ornelas v. United States, 116 S.Ct. 1657, 1659 (1996). We also review the district court's denial of a suppression motion de novo. United States v. Von Willie, 59 F.3d 922, 925 (9th Cir.1995). The district court's findings of fact are reviewed for clear error. Id. We have jurisdiction, 28 U.S.C. § 1291, and we affirm.
 
 
 6
 The Fourth Amendment forbids the police from stopping a vehicle, even for the limited purpose of questioning its occupants, unless the police have a reasonable suspicion of criminal conduct. United States v. Salinas, 940 F.2d 392, 394 (9th Cir.1991). Reasonable suspicion exists when an officer is aware of specific articulable facts, that, together with rational inferences drawn from them, reasonably warrant a suspicion that the person to be detained has committed or is about to commit a crime. United States v. Cortez, 449 U.S. 411, 416-18 (1981). In evaluating whether reasonable suspicion exists, the totality of the circumstances should be considered. United States v. Sokolow, 490 U.S. 1, 8 (1989). It is crucial that the articulable facts forming the basis of a reasonable suspicion be measured against an objective reasonableness standard, not by the subjective impressions of a particular officer. Gonzalez-Rivera v. INS, 22 F.3d 1441, 1445 (9th Cir.1994) (citing Nicacio v. INS, 797 F.2d 700, 703 (9th Cir.1986)).
 
 
 7
 To determine whether the officer's suspicion was reasonable in this case, we must ascertain whether the factors he cited as giving rise to the stop describe "behavior that should excite the suspicion of a trained border patrol agent that criminal activity is afoot." United States v. Rodriguez, 976 F.2d 592, 594 (9th Cir.1992).
 
 
 8
 The officer testified that he relied upon the facts that the car was traveling in a remote area of the Arizona desert often used by alien smugglers, that the car's suspension appeared to have been altered, that one of the three visible passengers appeared to duck down after the car had passed the agent and did not reappear while the agent was following the car, and that the car's registration had expired.[1]
 
 
 9
 We do not find the location of the car alone sufficient to justify the stop, because although Frontier Road is in a remote section of the desert, it is also a paved road that provides access to ranches and private homes and leads directly to Davis Road, which, if followed either to the left or right, leads to border checkpoints in Huachuca City and Elfrida, Arizona. And we do not find the fact that the car had an expired registration to justify the investigatory stop because Border Patrol agents are not authorized to issue citations for registration violations. But c.f., Whren v. United States, 116 S.Ct. 1769, 1776 (1996) (violation of minor traffic infraction justified vehicle stop by police, even if that stop was pretextual, because police have authority to issue citations for minor traffic infractions). However, both factors, when combined with the disappearing third passenger and the car's apparently altered suspension, do provide sufficient articulable facts to meet the reasonable suspicion test. See United States v. Brignoni-Ponce, 422 U.S. 873, 885 (1975) ("In all situations, the officer is entitled to assess the facts in light of his experience in detecting illegal entry and smuggling."); United States v. Garcia-Barron, 116 F.3d 1305, 1308 (9th Cir.1997) (passengers ducking down in van as it passed Border Patrol agents, combined with the possible circumvention of a checkpoint sufficient to supply reasonable suspicion); United States v. Franco-Munoz, 952 F.2d 1055, 1057 (9th Cir.1991) (fact that car's suspension appeared to be sluggish and car appeared heavily laden were significant factors justifying an investigatory stop).
 
 
 10
 We therefore affirm the district court's denial of appellant's motion to suppress the evidence seized as a result of the investigatory stop.
 
 
 11
 AFFIRMED.
 
 
 
 **
 Honorable Kim McLane Wardlaw, United States District Judge for the Central District of California, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 The failure of the car's driver to make eye contact with the agent is not a factor we consider in the determination of reasonable suspicion because the opposite behavior, making eye contact, has often been cited as justifying such an investigatory stop. See Gonzalez-Rivera v. Immigration & Naturalization Service, 22 F.3d 1441, 1446 (9th Cir.1994) (concluding that giving weight to either factor would "put the officers in a classic 'heads I win, tails you lose' position and the driver, of course, can only lose.") (quoting United States v. Lopez, 564 F.2d 710, 712 (5th Cir.1977))