124 F.3d 214
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose Arnoldo MOLINA-TARAZON, Defendant-Appellant.
 No. 97-50069.
 United States Court of Appeals, Ninth Circuit.
 Submitted September 8, 1997.**
Decided Sept. 15, 1997.
 
 Appeal from the United States District Court for the Southern District of California, No. CR-96-01283-RMB; Rudi M. Brewster, District Judge, Presiding.
 Before: HALL, BRUNETTI, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Jose Arnoldo Molina-Tarazon appeals his conviction following a conditional guilty plea to transportation of illegal aliens in violation of 8 U.S.C. § 1324(a)(1)(A)(ii). Molina-Tarazon contends that the Border Patrol stopped his car without reasonable suspicion that he was engaged in criminal activity. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 Background
 
 3
 According to the testimony of Border Patrol officer Kyle Ray, on June 28, 1996, he was stationed at an immigration checkpoint on Highway 111 near Nyland, California. From the checkpoint Ray saw a blue station wagon turn off Highway 111 onto Frink Road before it reached the checkpoint. Ray testified vehicles travelling north on Highway 111 can avoid the checkpoint by turning right on Frink Road and taking minor roads that reconnect with Highway 111 north of the checkpoint. Suspecting that the driver was attempting to evade the checkpoint, Ray drove north on Highway 111 and waited at a spot where the vehicle would pass him if it took a route back to the highway that was often used to avoid the checkpoint. Approximately four minutes after Ray had first seen the vehicle it passed him in his new position, travelling back to Highway 111. Because the vehicle had taken only four minutes to cover two miles of poorly paved roads, Ray concluded that it had not stopped at any of the businesses or residences along its detour. Additionally, during the preceding nine months Ray had arrested four people who had attempted to transport illegal aliens by this route. Ray also stated that other Border Patrol agents had recently arrested a number of people who attempted to avoid the Highway 111 checkpoint by using Frink Road.
 
 
 4
 Ray followed the vehicle as it drove toward the highway. As he did so, the driver, Molina-Tarazon, appeared nervous, watching Ray intently in his rearview mirror. Ray testified that Molina-Tarazon was driving a large, older model station wagon. As he followed Molina-Tarazon, Ray received information that the station wagon was registered to an owner in Calexico, California, on the Mexican Border. Ray stopped the vehicle and found three illegal aliens Lying on the floorboards.
 
 Search and Seizure
 
 5
 Molina-Tarazon contends that Ray stopped him without reasonable suspicion that Molina-Tarazon was engaged in criminal activity. This contention lacks merit.
 
 
 6
 We review a district court's denial of a motion to suppress evidence de novo and its factual findings for clear error. See United States v. Noushfar, 78 F.3d 1442, 1447 (9th Cir.1996). "To detain a suspect, a police officer must have reasonable suspicion, or specific articulable facts which, together with objective and reasonable inferences, form the basis for suspecting that the particular person detained is engaged in criminal activity." United States v. Michael R., 90 F.3d 340, 346 (9th Cir.1996) (internal quotations omitted). A court should view the facts surrounding the detention in light of a trained officer's experience, considering the totality of the circumstances. See id. The facts forming the basis of reasonable suspicion need not be inconsistent with innocent activity. See United States v. Franco-Munoz, 952 F.2d 1055, 1057 (9th Cir.1991).
 
 
 7
 Here, under the totality of the circumstances, Ray had a reasonable suspicion that Molina-Tarazon was engaged in criminal activity. See Michael R., 90 F.3d at 346. Ray saw Molina-Tarazon turn off the highway within sight of the immigration checkpoint. Ray's suspicion that Molina-Tarazon was attempting to avoid the checkpoint was strengthened when he saw Molina-Tarazon travelling back to the highway after an interval too brief to allow a stop along the detour. Based on these observations and inferences, it was reasonable for Ray to conclude that Molina-Tarazon intended to avoid the Border Patrol checkpoint. See United States v. Garcia-Barron, 116 F.3d 1305, 1307 (9th Cir.1997). Additionally, Ray knew that transporters of illegal aliens frequently use this route to avoid the checkpoint. See id. Ray also noted that Molina-Tarazon was driving a type of car commonly used for transporting illegal aliens. See United States v. Brignoni-Ponce, 422 U.S. 873, 885 (1975). Finally, Molina-Tarazon stared intently at Ray in his rear view mirror before Ray instructed him to stop his vehicle. See Franco-Munoz, 952 F.2d at 1057-58. Under the totality of the circumstances, viewed in light of Ray's experience and training, Ray had reasonable suspicion sufficient to justify his investigatory stop of Molina-Tarazon. See Michael R., 90 F.3d at 346.
 
 
 8
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3