**UNITED STATES of America,**
**Plaintiff–Appellant,**

v.

**Joseph Orlando LEAL and Thomas**
**Leland Deck, Defendant–**
**Appellee.**

No. 00–10049.

D.C. No. CR–99–1157–TUC–RCC.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 5, 2000.

Decided Feb. 23, 2001.

Before SCHROEDER, Chief Judge, SNEED and PAEZ, Circuit Judges.

MEMORANDUM *

The United States appeals the district court's order granting defendants' motion to suppress evidence arising from an investigatory stop of their van. The govern-

---

\* This disposition is not appropriate for publica-    tion and may not be cited to or by the courts

ment contends that the district court erred in holding that border patrol agents did not have founded suspicion to believe that the occupants of the car were smuggling drugs or aliens across the Mexican border under *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). We have jurisdiction over this appeal under 18 U.S.C. § 3731. Because we conclude the agents' investigatory stop of Leal and Deck was valid under *Terry,* we reverse.

Law enforcement agents may make brief investigatory stops of moving vehicles when they have founded suspicion the occupants have been or are involved in criminal activity. *People of the Territory of Guam v. Ichiyasu,* 838 F.2d 353, 355 (9th Cir.1988); *United States v. Hensley,* 469 U.S. 221, 105 S.Ct. 675, 83 L.Ed.2d 604 (1985); *see also Terry v. Ohio,* 392 U.S. 1, 22, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). In evaluating whether reasonable suspicion of criminal activity existed, a court must consider "the totality of the circumstances—the whole picture." *United States v. Cortez,* 449 U.S. 411, 417, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981); *see also United States v. Sokolow,* 490 U.S. 1, 109 S.Ct. 1581, 104 L.Ed.2d 1 (1989). The question of whether reasonable suspicion existed under given facts is a legal question subject to de novo review. *See Ornelas v. United States,* 517 U.S. 690, 699, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996). Factual determinations underlying this inquiry are reviewed for clear error. *United*

*States v. Garcia–Acuna,* 175 F.3d 1143, 1146 (9th Cir.1999).

The district court's order failed to take into account the totality of the circumstances. The district court identified only six factors which went into Agent Gonzalez's decision to stop defendants' van. According to the testimony, however, there were at least eleven factors Agent Gonzalez considered:

(1) the vehicle was a large capacity van;

(2) it was traveling northward, away from the border;

(3) it was initially spotted 12 miles from the border;

(4) it was traveling on a remote highway, notorious for smuggling;

(5) the time was near a shift change;

(6) the vehicle was splattered with wet, red mud;

(7) the driver was young;

(8) the driver appeared nervous and did not look at the agents;

(9) the van was riding low and bouncy;

(10) the van had Arizona plates but had recently been sold to a Mexican citizen; and

(11) the window was open.

The district court's failure to consider all possible factors in assessing the totality of the circumstances was clear error.[1] In particular, the district court erred in discounting those factors which it considered

---

of this circuit except as may be provided by 9th Cir. R. 36–3.

1. We recognize that this court has previously stated, in *Gonzalez–Rivera v. INS,* 22 F.3d 1441, 1446 (9th Cir.1994), that "[u]nder Ninth Circuit law, a driver's failure to look at the Border Patrol cannot weigh in the balance of whether there existed reasonable suspicion for a stop." (quoted in *U.S. v. Garcia–Camacho,* 53 F.3d 244, 247 (9th Cir.1995)). But more recently, an en banc panel of the court observed: "In general, although eye

contact, or the lack thereof, may be considered as a factor establishing reasonable suspicion, we have noted whether the contact is suspicious or not is highly subjective and must be evaluated in light of the circumstances of each case." *United States v. Montero–Camargo,* 208 F.3d 1122, 1136 (9th Cir.2000) (en banc) (citation omitted). Thus, we only look at Leal's lack of eye contact in conjunction with his nervous appearance, and the other factors the Border Patrol agent observed.

"neutral." Facts that alone may seem innocent can create a reasonable suspicion of criminality when viewed in a larger context. *See, e.g., United States v. Franco–Munoz*, 952 F.2d 1055, 1057 (9th Cir.1991) ("the facts used to establish 'reasonable suspicion' need not be inconsistent with innocence"). The court must consider all of the factors together, even if individually each would not support a finding of founded suspicion.

Based on the totality of all the circumstances presented, we are satisfied that the border patrol agents had founded suspicion to stop defendants' van. Therefore the order is REVERSED and the case is REMANDED.