NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DAVID PEREZ-LEMOS,

Defendant - Appellant.

No. 08-50545

D.C. No. 3:08-cr-01191-DMS-2

MEMORANDUM [*]

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Argued and Submitted November 4, 2009
Pasadena, California

Before: SCHROEDER, BERZON and IKUTA, Circuit Judges.

Border Patrol agents received an anonymous tip stating that an SUV and a

white sedan were stopped together on Highway 94, and that the SUV was being

loaded with bodies. The agents could have reasonably concluded that this tip was

_____

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

corroborated by their observation of two cars matching that description which were traveling together north (away from the border) on Buckman Springs Road, a street that connects with Highway 94 near where the SUV and white sedan reportedly stopped. The agents observed silhouettes of people crouching behind the SUV's driver, and noted that the SUV appeared heavily laden, which provided further corroboration for the tip. Moreover, the agents testified that, in their experience, individuals involved in alien smuggling regularly make use of a load vehicle and scout car to avoid detection. We must give due weight to the opinions of officers who "draw on their own experience and specialized training to make inferences from and deductions about the cumulative information available." *United States v. Arvizu*, 534 U.S. 266, 273 (2002). Based on the tip and their own observations, interpreted in light of their experience, the officers could reasonably infer that the two vehicles were working together in an illegal alien smuggling operation. *See United States v. Brignoni-Ponce*, 422 U.S. 873, 884–85 (1975). Further supporting this reasonable factual inference was the notoriety of the area for alien smuggling, *see United States v. Berber-Tinoco*, 510 F.3d 1083, 1088 (9th Cir. 2007), the fact that the suspicious activities occurred at the time of day when smuggling most frequently occurs, *see Arvizu*, 534 U.S. at 277, and the white sedan's evasive driving maneuvers, *see Brignoni-Ponce*, 422 U.S. at 885. Therefore, in light of the

-2-

totality of the circumstances, and giving due weight to the expertise of the officers involved, we conclude that the circumstances were sufficient to "paint a picture that would create in the mind of a trained border patrol agent a reasonable suspicion" that the white sedan was engaged in illegal activity. *United States v. Guzman-Padilla*, 573 F.3d 865, 882 (9th Cir. 2009) (quoting *United States v. Franco-Munoz*, 952 F.2d 1055, 1058 (9th Cir. 1991)).

**AFFIRMED.**